**Mary Dell Tinsley FRANCESKI**

v.

**PLAQUEMINES PARISH SCHOOL BOARD, Raymond Shetley and Frederick Deiler.**

**Civ. A. No. 83–5332.**

United States District Court, E.D. Louisiana.

Feb. 7, 1985.

Nathan Greenberg of Greenberg & Dallam, Gretna, La., for plaintiff.

Robert E. Tarcza, H. Sloan McCloskey of Baldwin & Haspel, New Orleans, La., for all defendants.

Frederick R. Bott of Deutsch, Kerrigan & Stiles, New Orleans, La., for third party defendant Pacific Employers Ins. Co.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of defendants, Plaquemines Parish School Board (the Board), Raymond Shetley and Frederick Deiler, for summary judgment. Following oral argument, and considering the record, the memoranda and the law applicable to this case, the Court grants the motion for the reasons set forth below.

Plaintiff was hired in 1975 as Supervisor of Special Education for Plaquemines Parish by the School Board. During the events giving rise to this suit, Shetley was superintendent and Deiler was president of the Board. The Louisiana Attorney General issued an opinion that plaintiff was not tenured under the Louisiana Teacher's Tenure Act. Opinion No. 78–1634. Thereafter, Shetley informed plaintiff by letter of May 22, 1980 that she would not be re-hired for the next school term. On May 29, 1980, plaintiff filed suit in the State District Court contending that she was a tenured teacher and demanding an injunction against her dismissal pending a tenure hearing in compliance with L.S.A.-R.S. 17:443. Both petitions were granted. A

tenure hearing was set in compliance with the court order. Plaintiff was given fifteen days notice, a list of witnesses, their expected testimony, and a list of charges against her. At the tenure hearing, plaintiff was represented by counsel at all times and was allowed to introduce evidence into the record of the proceedings. The Board voted to dismiss plaintiff at the close of the tenure hearing. However, the Board did not vote on the individual charges, contrary to statutory requirements.

Plaintiff appealed to the state district court and introduced additional testimony on her behalf. The court ruled that plaintiff was to be reinstated. On the appeal of the Board, the Louisiana Fourth Circuit Court of Appeal affirmed the district court's decision and ruled that the School Board had violated the Louisiana Teacher's Tenure Law in failing to vote on the individual charges. Writs were denied by the Louisiana Supreme Court. Plaintiff was reinstated with back pay. The Board claimed no offset for interim monetary compensation collected and/or earned by plaintiff during the course of the proceedings described above.

Plaintiff instituted the present litigation under 42 U.S.C. §§ 1983 and 1985, alleging violation of her civil rights, based on the foregoing facts. In this suit, plaintiff claims damages for attorney's fees and costs relative to the reinstatement proceedings, as well as for mental anguish, damage to reputation and the like. Defendants move to move for summary judgment on the grounds that (1) they are protected by qualified immunity, (2) there is an adequate state remedy, and (3) there was no violation of due process. At the hearing of this motion, defendants' motion was granted as unopposed as to plaintiff's claim under § 1985.

■■■ With regard to the individual defendants, Shetley and Deiler, the Court finds that the doctrine of qualified immunity is a bar to plaintiff's claims.[1] A plaintiff

---

1. Qualified immunity is not a defense on the claim against the Board. Municipal entities do not enjoy the tradition of immunity as do inde-

seeking damages for violation of constitutional or statutory rights must show that these rights were clearly established at the time of the conduct at issue, in order to overcome a defendant official's qualified immunity. *Davis v. Scherer*, —— U.S. ——, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violated some statutory or administrative provisions. *Id.* Thus, plaintiff's argument that she was initially terminated without a hearing and that, thereafter, the vote taken at the hearing was improper, has no bearing on the immunity issue, although the Board's actions violated the requirements of the Louisiana Teachers Tenure Act, L.S.A.–R.S. § 17:441, et seq.

As a matter of law, the right to a pretermination hearing under the circumstances of the instant case was not clearly established in the Fifth Circuit at the time of the conduct at issue. *Id.* As the Supreme Court stated in *Davis:*

> Appellee contends that ... the federal constitutional right to a pre-termination hearing or a prompt post-termination hearing was well established in the Fifth Circuit at the time of the conduct in question. As the District Court recognized in rejecting appellee's contention, *Weisbrod v. Donigan*, 651 F.2d 334 (CA5 1981), is authoritative precedent to the contrary. The Court of Appeals in that case found that the State had violated no clearly established due process right when it discharged a civil service employee without *any* pretermination hearing. *Id.* 104 S.Ct. at 3018. (Emphasis in original.)

Moreover, plaintiff does not contest that (1) the opinion of the Attorney General, issued prior to her initial termination was that plaintiff was not a tenured teacher, (2) the subsequent hearing was conducted in accordance with law, with the exception of the failure of the Board to vote on the individual charges, (3) the vote was overturned by the state court.

pendent public officials. *Owen v. City of Inde-*

Plaintiff has failed to assert a clearly established right which was violated. In this regard, the instant case is indistinguishable from *Davis v. Scherer*, supra, which is dispositive on the issue of qualified immunity.

■ Additionally, absent a claim for conspiracy under § 1985, it appears that plaintiff's claims against the individual defendants, Shetley and Deiler, have prescribed, as plaintiff alleges no particular acts on the part of the said individuals which occurred within the one year prescriptive period for civil rights claims.

■ As further grounds for this motion, defendants assert that plaintiff had an adequate state law remedy, thus, precluding pursuit of her claims herein. As a matter of law, a claim for deprivation of civil rights will not lie if there is an adequate state law remedy. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The remedy provided by state law is adequate if it "could have fully compensated" the complainant for the loss suffered. *Id.* at 544, 101 S.Ct. at 1917. Even though the state remedy may not provide all the relief available under the civil rights statute, the requirements of due process may still be satisfied. *Id.*

■ The dismissal of teachers is governed by the Louisiana Teacher's Tenure Act, L.S.A.–R.S. § 17:441, et seq. The Act provides a state remedy which is sufficient to satisfy the requirements of due process and to compensate plaintiff for any injury sustained. In fact, plaintiff utilized this statutory scheme to obtain, (1) a pre-termination hearing, (2) an appeal to the state courts, (3) reinstatement, and (4) back pay. Plaintiff did not seek attorneys fees and damages for mental anguish at the state court level.

■ Plaintiff argues that the adequate state remedy concept has been limited by subsequent Supreme Court decisions and does not foreclose a due process claim grounded on an alleged intentional depriva-

tion of property. *Logan v. Zimmerman Brush Co.*, 445 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *McCrae v. Hankins*, 720 F.2d 863 (5th Cir.1983). The elements of procedural due process, with regard to discharged public employees having a protected interest in continued employment, include notice of such termination, and an opportunity to be heard prior to termination. *Jones v. Orleans Parish School Board*, 679 F.2d 32 (5th Cir.1982). However, plaintiff's arguments as to the inadequacy of the state remedy are without merit, since, based upon the uncontested facts, plaintiff has not stated a cause of action for an intentional deprivation of due process. Indeed, were we to reach the issue of whether plaintiff has stated a cause of action for any violation of due process, we would be compelled to find that she has not. Based upon the facts of this case, it is clear that plaintiff was provided with notice and hearing, as well as the relief which she requested at the state court level.

Accordingly, and for the foregoing reasons, it is ordered that the motion of defendants for summary judgment be and it is hereby granted.