**Mary Dell Tinsley FRANCESKI, Plaintiff-Appellant,**

v.

**PLAQUEMINES PARISH SCHOOL BOARD, Raymond Shetley and Frederick Deiler, Defendants-Appellees.**

No. 85–3149.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1985.

---

Nathan Greenberg, Gretna, La., for plaintiff-appellant.

Robert E. Tarcza, H. Sloan McCloskey, New Orleans, La., for defendants-appellees.

Before GOLDBERG, JOLLY and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

A special education instructor appeals a summary judgment dismissing her civil rights suit against a local school board. Persuaded that she received all process due under the federal Constitution before being terminated, we affirm.

I

Though she was not certified for the position by the State Department of Education, Mary Dell Tinsley Franceski was hired in 1975 as Supervisor of Special Education for the Plaquemines Parish School Board. School officials apparently later became dissatisfied with Franceski's performance. After receiving an opinion by the Louisiana Attorney General that Franceski was not tenured under the Louisiana Teacher's Tenure Law, La.Rev.Stat.Ann. § 17:443 (West 1982), the Superintendent of Schools, Raymond Shetley, informed Franceski by a letter dated May 22, 1980 that she would not be rehired for the next school term.

On May 29, 1980, Franceski filed suit in state district court contending she was tenured and asking that her dismissal be enjoined pending a hearing in compliance with the state Teacher's Tenure Law, *id.* § 17:443. The state court granted both petitions on July 2, 1980 and a dismissal hearing was set for July 30, 1980 in compliance with the court's order. Franceski received fifteen days notice of the hearing, a list of witnesses and their expected testimony, and a copy of the charges against her. At the hearing, Franceski was represented by counsel and permitted to introduce evidence into the record of the pro-

ceedings. At the close of the hearing, the Plaquemines Parish School Board voted to dismiss Franceski.

Franceski then petitioned in state court for review of the School Board's decision. *See* La.Rev.Stat.Ann. § 17:443(B) (West 1982). The state court of appeals, on May 11, 1982, affirmed the trial court's holding that the School Board had violated the Louisiana Teacher's Tenure Law in dismissing Franceski without first voting on individual specific charges. *State ex rel. Franceski v. Plaquemines Parish School Board,* 416 So.2d 150 (La.Ct.App.), *writ denied,* 421 So.2d 907 (La.1982). Franceski was reinstated with back pay.

█ In October of 1983, Franceski sued the Plaquemines Parish School Board, its President, Frederick Deiler, and Superintendent Shetley in federal district court, alleging violation of her civil rights under 42 U.S.C. §§ 1983 and 1985. Franceski sought damages for attorneys' fees and costs incurred in the reinstatement proceedings, as well as for mental anguish, injury to reputation, and the like. The district court granted the School Board's and the individual officials' motions for summary judgment. The court, 602 F.Supp. 691, held suit against the individual defendants barred by the doctrine of qualified immunity, *see Davis v. Scherer,* —— U.S. ——, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984), and prescription.[1] Citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the court then held that the Louisiana Teacher's Tenure Act, La. Rev.Stat. §§ 17:441 *et seq.* (West 1982), "provides a state remedy which is sufficient to satisfy the requirement of due

process and to compensate plaintiff for any injury sustained." The district court thus also rendered summary judgment for the School Board.

## II

On appeal, Franceski contends the district court erroneously relied upon *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), arguing that in cases such as this involving the intentional deprivation of property by state officials, "the adequacy or not of a state law remedy is not relevant." *See McCrae v. Hankins,* 720 F.2d 863, 870 (5th Cir.1983). We need not reach Franceski's *Parratt* arguments, however, as the uncontested facts of this case establish that Franceski has received all the process she is due under the United States Constitution.

█ It is true that Franceski, as a tenured teacher, had a constitutionally protected property interest in continued employment. *See Bishop v. Wood,* 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). All that federal due process required, however, was that she "be given notice and an opportunity to be heard prior to termination." *Id.* Franceski does not dispute that she received a notice of her tenure hearing, a copy of the charges levelled against her and the expected adverse testimony, as well as the opportunity to present evidence on her own behalf at the hearing before the Board voted upon her dismissal. No more process was due. Termination after notice and hearing is not a deprivation cognizable under 42 U.S.C. § 1983, for "only deprivations without due process are actionable." *Phillips v. Van-*

---

1. In *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that section 1983 claims are governed by the forum state's limitations provision for personal injuries. La.Civ.Code Ann. art. 3492 (West Supp.1985) provides: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The Board dismissed Franceski in July of 1980. The final Louisiana court ruling issued in May of 1982. Franceski did not file suit until October 28, 1983.

Though Franceski purports to appeal the district court's order dismissing her suit "as to all defendants," her briefs to this court do not address the propriety of the district court's judgment regarding the individual defendants. Contentions not briefed may be considered waived and will not be entertained on appeal. *See Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir.1985); *In re Texas Mortgage Services Corp.,* 761 F.2d 1068, 1073–74 (5th Cir.1985).

*dygriff,* 711 F.2d 1217, 1222 (5th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 94, 83 L.Ed.2d 40 (1984). Nor does the ultimate reversal of the Board's decision federalize her claim, for "[t]he constitution demands due process, not error-free decision-making." *McCrae,* 720 F.2d at 868.

■ Franceski claims, however, that due process was violated because, as found by the Louisiana courts, her hearing was not conducted in accordance with the specificity and voting requirements of the Louisiana Teacher's Tenure Law.[2] In *Levitt v. University of Texas at El Paso,* 759 F.2d 1224, 1230 (5th Cir.1985), we rejected a similar contention: "There is not a violation of due process every time a university or other government entity violates its own rules. Such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation." Because Franceski received notice and a hearing that satisfied federal due process, whether she was entitled to any "gratuitous procedural protections" by virtue of the Teacher's Tenure Law was a matter of state, not constitutional law. *Id.* at 1231.

### III

Franceski argues that the state deprived her of a constitutional right when it informed her, by its letter dated May 22, 1980, that she would not be hired for the next school term; the argument continues that even if the notice was not itself a deprivation she is entitled to recover in this suit for the expense of obtaining injunctive relief from the state court. We reject both arguments.

■ The fourteenth amendment prohibits deprivations of constitutional rights and there was no deprivation, an inquiry distinct from whether there is a protectable interest. *See, e.g. Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir.1984) (conspiracy to take a citizen's life at a future time was not itself a deprivation under the fourteenth amendment). The school board's decision not to renew Franceski's teaching contract announced in May for the next school year was then, a fortiori, no deprivation. The other wing of Franceski's argument is also without merit. That she *might* have sued originally in federal court to enjoin the "threatened" loss of rights (and we express no opinion about that course) is not relevant. When she sued in federal court there was no threat to any property or liberty interest. To the contrary, before her federal suit the state had protected her rights by giving to her all the rights assured by the fourteenth amendment. In sum, she did not attempt to state a claim in state court under 42 U.S.C. § 1983 and did not successfully do so in federal court.

---

2. La.Rev.Stat. § 17:443 (West 1982) provides in part:

A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following:

date and place of alleged offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.

*See also Jones v. Jefferson Parish School Bd.,* 533 F.Supp. 816, 822 (E.D.La.1982), *aff'd,* 688 F.2d 837 (5th Cir.), *cert. denied,* 460 U.S. 1064, 103 S.Ct. 1514, 75 L.Ed.2d 941 (1983).

## IV

Franceski finally urges that the district court improvidently granted summary judgment in the face of "material contested facts." Notwithstanding that Franceski does not explain what facts remained in dispute, she received notice of her proposed termination and a hearing undisputably adequate under the Constitution. To the extent that factual issues regarding the Board's violation of Louisiana law remained outstanding, they were material only to state redress. *See Levitt,* 759 F.2d at 1231. As no contested facts regarding Franceski's federal due process claim existed, summary judgment properly issued.

The judgment of the district court is AFFIRMED.

Contie, Circuit Judge, concurred in part, dissented in part, and filed an opinion.