Francis A. WESTLEY

v.

TERREBONNE PARISH SCHOOL BOARD, Paul Fournier, Roland Henry, Jr., René Domangue, John D. Schoonenberg, Allen Robichaux, John L. Haydel and Marion Haydel.

Civ. A. No. 81–4358.

United States District Court,
E.D. Louisiana.

March 20, 1987.

Walter J. Pink, Houston, Tex., and Otha Curtis Nelson, Sr. and Aaron Harris, Baton Rouge, La., for plaintiff.

Nel F. Vezina, Vezina & Associates, Gretna, La., for defendants.

## FINDINGS AND CONCLUSIONS

LIVAUDAIS, District Judge.

In this action, the plaintiff, Francis A. Westley, seeks reinstatement, damages and back pay from the defendants, the Terrebonne Parish School Board and individuals who were members thereof during the period from September 8 through November 2, 1981. Westley's complaint is grounded in 42 U.S.C. § 1983; he charges that the defendants acted under color of state law to deprive him of a right secured by Amendment XIV of the Constitution, the right to due process of law prior to his termination as a tenured teacher in the Terrebonne Parish schools. This Court's jurisdiction arises under 28 U.S.C. §§ 1343(4), 2201, and 2202.

## FINDINGS OF FACT

At the trial of this matter to the bench, the following facts were adduced:

Prior to his termination by the Terrebonne Parish School Board in November of 1981, Francis A. Westley had been in its employ for more than thirteen years, first

as a teacher, and then as principal of East Street School. His position was tenured. During the summer of 1979, after a search of his home pursuant to a warrant, Mr. Westley was arrested and charged with possession of stolen things of a value in excess of $500.00, a violation of LSA–R.S. 14:69 and a felony under LSA–R.S. 14:2. The "things" in question were items used in the construction of Mr. Westley's home, such as plumbing supplies and air conditioners; they had been stolen from Coburn Supply Company. Mr. Westley maintained that he had purchased the supplies in good faith from his nephew. After Boykinization, he entered a plea of nolo contendere to the charge on June 29, 1981, before Judge Bourg of the 32nd Judicial District Court of the State of Louisiana. In that plea, he stated under oath that he had not been induced to make the plea by any threat, pressure, force or promise, that his actions were free and voluntary, and that he understood that he stood convicted of the charge. He was found guilty, and a fine was imposed.

On September 15, 1981, the Terrebonne Parish School Board, in Resolution Number 1371, resolved to hold a hearing in accordance with LSA–R.S. 17:443, to consider the recommendation by Superintendent Paul Fournier that Mr. Westley be dismissed for dishonesty. The minutes of the September 15th meeting, introduced at trial as defendants' Exhibit B–7, indicate that Mr. Westley had requested the hearing.

The school board first attempted to hold a tenure hearing on October 8, 1981. Mr. Westley was represented by counsel, who moved for dismissal on the ground that Mr. Westley had not been notified of the hearing in accordance with LSA–R.S. 17:443. The minutes of the October 8th meeting, introduced at trial as plaintiff's Exhibit 1, reveal that the Board voted to dismiss the hearing because of the lack of compliance with the notice provision. A second hearing was scheduled for November 2, 1981. Mr. Westley was supplied with a written copy of the charges against him—dishonesty and willful neglect of duty—twenty days in advance of the November 2nd hearing.

On the night of the November 2nd hearing, prior to it, the school board met in executive session. Testimony of school board members at trial indicated that in this session, District Attorney Norval Rhodes, who was also an attorney for the School Board, was present and explained the meaning of a nolo plea. According to the testimony, Mr. Rhodes made no attempt to influence the decision of Board members concerning the retention of Mr. Westley. No vote was taken of the session.

Mr. Westley was represented by two attorneys at the November 2nd hearing. He had the opportunity to question witnesses and to put on witnesses and evidence of his own, as the minutes of the hearing introduced into evidence as plaintiff's Exhibit 2 revealed. At the end of over seven hours, the hearing concluded. The School Board retired into executive session to deliberate; returning to the open meeting, the members voted 13 to 4 in favor of dismissing Mr. Westley. The hearing adjourned at 12:40 a.m., November 3, 1981.

## CONCLUSIONS OF LAW

Mr. Westley claims that his procedural due process rights were violated by the Terrebonne Parish School Board and its members in several ways. First, he maintains that he did not receive proper notice of the tenure hearing. Second, he contends that the Board violated the state's standard for dismissal of a tenured teacher, set forth in LSA–R.S. 17:443 A, which requires willful neglect of duty, or incompetency, or dishonesty. Third, he contends that the hearing was neither full nor fair because he was not allowed to put on certain evidence, because prejudicial evidence was admitted over his objection, and because in the executive session the Board, under the influence of District Attorney Norval Rhodes, predetermined the outcome of the hearing which was to follow.

A due process violation of § 1983 requires, first, that the defendants have acted under color of law. In the present case, no one has questioned that the defendants,

acting as a governmental unit by virtue of authority conferred by LSA–R.S. 17:443 et seq., fulfilled this requirement. Additionally, the plaintiff must prove that he was deprived of rights secured by the Constitution and laws of the United States. Mr. Westley maintains that in terminating him from a tenured position, the School Board deprived him of a property right. The alleged defects in the hearing, he claims, made his dismissal a taking without due process, in violation of U.S. Constitution amend. XIV § 1.

 It is true that Westley, as a tenured teacher, had a constitutionally protected property interest in continued employment. *See Bishop v. Wood,* 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Franceski v. Plaquemines Parish School Board,* 772 F.2d 197, 199 (5th Cir. 1985). The question, then, is whether the tenure hearing which resulted in his termination provided the due process required by the Fourteenth Amendment. Mr. Westley objects that the notice given did not comport with due process because he was not given a written copy of the charges against him twenty days prior to the attempted hearing on October 8, 1981. The November 2nd hearing, he maintains, was merely a "continuation" of the first meeting. Written notice twenty days before November 2nd could not remedy the defect because the meeting was, in effect, already in session. This court does not agree that the School Board's initial deviation from LSA–R.S. 17.443 A was not remedied by its dismissal of the October 8th hearing and its scheduling of a hearing for November 2nd. The minutes of the October 8th meeting introduced into evidence by the plaintiff indicate that the rescheduling was undertaken for that very purpose. Moreover, even if the notice given had not complied with the Louisiana teacher tenure law, Mr. Westley still would not have had a complaint under § 1983. All that federal due process requires is that the teacher "be given notice and an opportunity to be heard prior to termination." *Bishop v. Wood,* 426 U.S. at 345, 96 S.Ct. at 2077. The notice need not be in a particular form prescribed by state law. The United States Fifth Circuit Court of Appeals has rejected the contention that the failure to comply with a state procedure rises to the level of constitutional violation:

> There is not a violation of due process every time a university or other governmental entity violates its own rules. Such action may constitute a breach of contract or a violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation.

*Levitt v. University of Texas at El Paso,* 759 F.2d 1224, 1230 (1985); *see also Franceski,* 772 F.2d at 200.

 The same error appears in Mr. Westley's complaint that the grounds for his termination were unsupported by the evidence adduced at the hearing. In particular, he claims that the School Board inferred from his plea of nolo contendere that he was guilty of the theft with which he had been charged and thus of "dishonesty" and "willful neglect of duty," while, in fact, the nolo plea was made to maintain his innocence. In the first place, the Board had no need to infer Mr. Westley's guilt from his plea; he had been convicted of a felony. However, even if the Board had not met the state's established standards, Mr. Westley could not demonstrate a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation would not have occurred as a result of some established state procedure. It would have occurred as a result of the unauthorized failure of agents of the state to follow established state procedure. Their failure does not render the procedure inadequate to meet the demands of due process. *See Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981). Once again, Mr. Westley at best may have a claim for violation of state law, but federal due process requirements have been met. *Franceski,* 772 F.2d at 200.

 Mr. Westley's final contention, that the School Board did not provide a fair and full hearing, was unsubstantiated by the

evidence at trial. The hearing consisted of seven hours of testimony and the introduction of documentary evidence. Mr. Westley's attorneys had the opportunity to examine witnesses, to call witnesses of their own, to introduce evidence, and to make objections. After the last witness was questioned, Mr. Divens, one of Mr. Westley's attorneys, acknowledged that "that concludes our presentation of the evidence." (Plaintiff's Exhibit 2, p. 205, lines 26–27). The plaintiff's allegation that the Board's decision was made before the hearing, in an executive session during which the members were improperly swayed by District Attorney Rhodes, was controverted by trial testimony from those who attended the closed meeting. School board members John D. Schoonenberg and Ann Shirley Rabalais both testified that Mr. Rhodes made no recommendation concerning Mr. Westley's termination. They agreed that Mr. Rhodes did not and could not vote in any School Board meeting, and that no decision concerning Westley's employment was made in closed sessions. Thus the meeting and its outcome were untainted by violations of Mr. Westley's due process rights.

Mr. Westley had steadfastly asserted that he was innocent of the charges against him, and that he pleaded nolo contendere to maintain his innocence while avoiding the trouble and publicity of trial. This may well be true, in the light of the uncontroverted testimony to Mr. Westley's excellent job record, his standing in the community, and the ultimate disposition of the case against others charged with the thefts from Coburn Supply Co. (See Plaintiff's Exhibit 2, pp. 153–158). However, whether Mr. Westley was an unwitting victim of others' dishonesty is not for this Court to decide. Nor can we second-guess the decisions of the Terrebonne Parish School Board, but only determine whether, by depriving the plaintiff of due process, it ran afoul of 42 U.S.C. § 1983. As the evidence does not support such an allegation, judgment is to be entered against the plaintiff, Francis A. Westley, and in favor of the defendants, the Terrebonne Parish School Board and its individual members, each party to bear its own costs.