416 So.2d 150 (1982)
STATE ex rel. Mary Dell Tinsley FRANCESKI
v.
PLAQUEMINES PARISH SCHOOL BOARD.
No. 13075.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Rehearing Denied July 16, 1982.
*152 John F. Ward, Jr., Robert L. Hammonds, Baton Rouge, for defendant-appellant.
Nathan Greenberg, Greenberg & Dallam, Gretna, for plaintiff-appellee.
Before GULOTTA, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
Plaquemines Parish School Board has appealed from a judgment of the district court reversing its action in dismissing Mrs. Mary Dell Tinsley Franceski from her position as supervisor of Special Education following a hearing before the Board pursuant to LSA-R.S. 17:443. In lengthy reasons for judgment the trial court held that the Board improperly overruled Mrs. Franceski's exception of vagueness with respect to three of sixteen charges the Board brought her; improperly failed to vote on each of the charges at the end of the hearing; and was arbitrary in dismissing Mrs. Franceski by a) failing to comply with the provisions of the Teacher Accountability Statute, R.S. 17:391.1 et seq.; b) failing to recognize the demands placed on the position of supervisor of Special Education as testified by others in like positions; c) offering Mrs. Franceski other responsible positions in the parish while charging her with wilful neglect of her duty and incompetency in her capacity as Supervisor of Special Education; and d) allowing a great period of time between the alleged infractions committed by Mrs. Franceski and the bringing of charges against her. In this court the Board specifies error in all of these rulings as well as in the trial court's taking additional evidence rather than simply reviewing the record of the proceedings before the Board.
Mrs. Franceski began her teaching career in 1963 and was appointed Supervisor of Special Education in 1975. On May 22, 1980, Superintendant Raymond Shetley attempted to remove her from her position without complying with the provisions of R.S. 17:443 on the theory that the statute did not apply to her position. She obtained an injunction against the Board from removing her on July 2, 1980. The Board did not appeal from that judgment but adopted a resolution on July 9, 1980, calling a tenure hearing on July 30 for the purpose of removing Mrs. Franceski based on sixteen charges against her which allegedly demonstrated her incompetency and/or wilful neglect of duty. Several of these charges were somewhat vague and general but Mrs. Franceski specifically challenged only the following three with an exception of vagueness filed with the Board before the hearing commenced. These are as follows:
"5.) Said Supervisor has failed to sign and submit Student referrals to the Competent Authority Team for significant periods of time resulting in a backlog, delay, and confusion in the evaluation process.
6.) Said Supervisor has failed to attend numerous meetings of importance conducted by the Louisiana Department of Education, has arrived late on numerous occasions at such meetings she did attend, and has at times departed such meetings she attended before adjournment.
7.) Said Supervisor did direct teacher aids to administer standardized tests to kindergarten and first grade students instead of such testing being administered by the regular kindergarten and first grade teachers.
After a prolonged hearing the five members of the Board recorded their conclusions by writing the following on separate sheets of paper:
1.) Abstained
*153 2.) Proposal for Dismissal
YES NO ABSTAIN
 X
3.) Proposal for Dismissal
YES NO ABSTAIN
 X
4.) I vote for dismissal of Mrs. Mary Dell Franceski on the grounds of wilful neglect of duty.
5.) Dismissal
1 - 2 - 4 - 7 - 8 - 9 - 15 - 16
Thus, one of the five abstained from voting; only one found specifically that she was guilty of wilful neglect of duty; one voted for dismissal listing some of the charges; and two others simply voted to dismiss her. A majority did not vote on the specific charges and a majority did not find her specifically guilty of wilful neglect of duty.
Mrs. Franceski then petitioned for judicial review of the Board's decision. The trial judge allowed Mrs. Franceski to call the director of Special Education for Jefferson Parish, supervisors of Special Education for St. Tammany and Acadia Parishes, the chief of Special Education for St. Charles Parish and representative of International Management System, Inc. He permitted the Board to call the present director of Special Education for Plaquemines Parish to rebut the evidence introduced by Mrs. Franceski but he refused to permit the School Board to call three members of the Board who participated in the hearing against Mrs. Franceski.
In this court the Board specified the following errors in the decision of the trial court:
SPECIFICATION OF ALLEGED ERRORS RELIED UPON
I. The trial court erred in its conclusion that the action of the School Board in dismissing Mrs. Franceski was null and void and of no force or effect because of the failure of the Board to vote on and record its holding with respect to the specific charges against her of willful neglect and/or incompetency.
II. Plaintiff-appellee waived her right to complain about alleged failure to make itemized findings of fact when she consented to such procedure at the tenure hearing.
III. The trial court erred by allowing the introduction of evidence at the trial which had not been presented to the School Board at the tenure hearing.
IV. The trial court erred by allowing the introduction at trial of evidence which was cumulative to and repetitious of evidence presented to the School Board at the tenure hearing.
V. The trial court erred by refusing to allow the School Board members to testify and clarify the record of the tenure hearing.
VI. The trial court erred when it reversed the decision of the School Board to terminate Mrs. Franceski rather than remanding the case to said School Board for it to make more specific findings of fact.
VII. The trial court erred in its conclusions that defendant-appellant failed to comply with the accountability statute and that such failure made the decision to terminate plaintiff-appellee an arbitrary one.
VIII. The trial court committed error when it concluded that the School Board had erred in rejecting the request by plaintiff-appellee for more detailed information with respect to Charges 5, 6, and 7.
We will first consider the eighth specification and then the others in the order presented.

EXCEPTION OF VAGUENESS WITH RESPECT TO CHARGES 5, 6, and 7
R.S. 17:443 A as presently written provides in part as follows:
"... At least twenty days in advance of the date of the hearing, the superintendent *154 with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher...."
Had this version of the Act been in effect at the time of the tenure hearing under consideration there would be no question but that the Board failed to comply with these specificity requirements. However, at the time of the hearing R.S. 17:443 provided in pertinent part as follows:
"At least fifteen days in advance of the date of the hearing, the school board shall furnish the teacher with a copy of the written charges...."
The amendment to the Act was a codification of the jurisprudence which had uniformly held that a tenured teacher is entitled to have specific charges brought against her. Lewing v. Desoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959), Johns v. Jefferson Davis Parish School Board, 154 So.2d 581 (La.App. 3rd Cir. 1963), Singleton v. Iberville Parish School Board, 136 So.2d 809 (La.App. 1st Cir. 1962). We thus conclude that the trial court correctly found that Charges 5, 6 and 7 were so vague that Mrs. Franceski could not prepare an adequate defense against these charges and the Board erred in overruling her exception of vagueness with respect to these charges. To whatever extent the Board based its ultimate decision on these charges its decision was unfounded.
THE BOARD'S ACTION AT THE CONCLUSION OF THE HEARING WITH REFERENCE TO THE SIXTEEN CHARGES BROUGHT AGAINST MRS. FRANCESKI
This discussion addresses itself to the first and second specifications of error relied upon by the Board. R.S. 17:443 as written at the time in question provided that a permanent teacher shall not be removed except upon charges of wilful neglect of duty or incompetency and provided that if the teacher "is found guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or incompetency," the teacher had the right to appeal to the court for review. As indicated above, Mrs. Franceski was not found guilty of specific charges except by one of the five members of the Board and was not even found guilty of wilful neglect of duty except by one other member. Of those cases which have specifically dealt with this question we do find an analogous situation in Watts v. Winn Parish School Board, 66 So.2d 350 (La.App. 2nd Cir. 1953) in which the Board only said in its concluding resolution that it cannot condone the conduct of the teacher. The court made the following observation:
"... it appears that before a school board may either remove a teacher from office or discipline him, he must first be found guilty of one of the three things set forth in the statute. We do not believe that failing to `condone' something a teacher has done is equivalent to finding him guilty...."
Also in Jonns v. Jefferson Davis Parish School Board, supra, the court was critical of generalized findings of guilty which did not correspond with the specific charges of neglect of duty and incompetence upon which the hearing was based. The court remanded the case to the board for a determination as to why the board reached its conclusions of guilty in relation to the specific charges.
In order for Mrs. Franceski to have a meaningful judicial review of her case it is necessary for the court to know of which, if any, among the sixteen charges she was found guilty. She was faced with a wide range of complaints about her performance as an administrator covering a two year period of time and dealing with almost every *155 conceivable aspect of her duties, including her attendance at meetings, making of reports, supervising personnel under her jurisdiction, answering correspondence and telephone calls, dealing with the public, coordinating programs, and many others. It is significant that the one Board member who indicated the charges which apparently led him to vote against Mrs. Franceski picked out only half of the charges. We can only speculate whether the other three Board members agreed with this member on those particular charges or had some other charges in mind which led them to conclude that Mrs. Franceski should be dismissed or was guilty of wilful neglect of duty. Thus, when she came to court for the full review to which she was entitled by the statute she was again faced with this scattershot parade of charges without any knowledge as to exactly what the Board had done. We conclude that the Board was obligated to vote on the specific charges and its failure to do so constituted a deprivation of Mrs. Franceski's rights under the statute.
The Board argues that Mrs. Franceski waived her right to complain about the failure of the Board to make itemized findings because she consented to this procedure at the conclusion of the hearing. The record discloses otherwise. At the conclusion of the hearing the Board chairman discussed his proposal to have Board members simply indicate on the question of dismissal of Mrs. Franceski, YES or NO or ABSTENTION, and that the Board would then indicate whether each member was in favor of a demotion for Mrs. Franceski. In a conference among the chairman and the attorneys for the Board and for Mrs. Franceski the latter was asked to stipulate as to this procedure and he refused to do so on the ground that he felt it was contrary to the law. The chairman then announced that he would follow the simple procedure of having the Board members indicate YES or NO or ABSTENTION with respect to dismissal, and this resulted in the votes which are summarized above. The record does not support the Board's argument that Mrs. Franceski agreed to this procedure. While there was no specific objection made again after the Board chairman announced the procedure he would follow Mrs. Franceski's attorney's previous refusal to stipulate and his stated reason that the procedure was contrary to law was sufficient to make it clear that he was not waiving Mrs. Franceski's rights under the statute. Thus, we have concluded that specifications I and II have no merit.
THE TRIAL COURT'S CONDUCT OF THE JUDICIAL HEARING WITH RESPECT TO THE INTRODUCTION OF CERTAIN EVIDENCE AND THE EXCLUSION OF OTHER EVIDENCE OFFERED BY THE BOARD
R.S. 17:443 provides that if the permanent teacher is found guilty by the Board "the teacher may, not more than one year from the date of said finding, petition a court of competent jurisdiction for a full hearing to review the action of the School Board ..." In interpreting this statute the Supreme Court in Lewing v. Desoto Parish School Board, supra, held that the full hearing mentioned in the statute is for the benefit of discharged teachers. The court commented:
"If a School Board decides that sufficient evidence was adduced before it to sustain the dismissal of a teacher, she is entitled, if she desires, to a full hearing on the merits in the district court with a presentment of additional evidence in her behalf."
The court went on to comment that the teacher could content herself with the record as made up at the hearing before the Board and in that case the Board could not produce evidence in the district court. In Lewis v. East Feliciana Parish Sch. Bd., 372 So.2d 649 (La.App. 1st Cir. 1979) the court held that the trial judge need not grant the teacher a trial de novo but he should permit the presentation of additional evidence as long as that evidence was not simply duplicative of the testimony which the Board heard. Under the circumstances of this case we do not find that the evidence *156 presented by Mrs. Franceski was simply duplicative of the evidence presented to the Board. The testimony of the various directors or supervisors of Special Education in other parishes was important because of the complex nature of the duties required of such a person. While it is so that Mrs. Franceski presented the testimony of one such person before the Board this witness spoke from the point of view of the supervisor in one parish of the state, but the testimony of such individuals from four other parishes provided the court with a full picture of Mrs. Franceski's duties which was not adequately covered by the one witness before the Board. Thus, it was not duplicative but indeed expansive and most helpful to the district judge in arriving at a just decision. As for the testimony of the head of the management agency this was produced in order to show that Mrs. Franceski's use of teacher aides to conduct tests was not improper. She had attempted to prove this before the Board by offering a letter from that individual but the Board refused to consider this letter on the grounds of hearsay. The testimony was not in any way duplicative of what the Board considered.
The Board attempted to produce the testimony of three of its members to explain why they voted against Mrs. Franceski and, in effect, to consider the individual charges against Mrs. Franceski which they should have considered at the conclusion of the hearing. The trial judge correctly pointed out that it was unfair to Mrs. Franceski to allow these individuals who are now no longer members of the Board to justify their actions at a point in time long after the time when they were Board members. As far as this court is concerned, Mrs. Franceski was entitled to know those charges of which she was found guilty before she initiated the judicial review of the Board's action, and their failure to make that determination interfered with her right guaranteed by the statute to have a "full review" of the hearing. The attempt to put this into evidence after the judicial review was already under way could not serve to correct the Board's deprivation of her rights which had already occurred. Thus, we find no merit to the Board's third, fourth and fifth specifications of error.
THE TRIAL COURT'S REFUSAL TO REMAND THE CASE TO THE SCHOOL BOARD TO ALLOW IT TO MAKE MORE SPECIFIC FINDINGS OF FACT
The trial court believed that he could not remand the case to the School Board because only one of the members at the tenure hearing was still on the Board. Whether this was the appropriate reason or not we find no circumstances in this case to warrant or justify a remand to the Board. This Board should have been aware of the requirements of R.S. 17:443 based on the prevailing jurisprudence. The statute provided that the court has jurisdiction to affirm or reverse the action of the School Board in the matter, and goes on to say that if the Board is reversed and the teacher reinstated and restored to duty she is entitled to full pay for loss of time or salary sustained as a result of the Board's action. In this case, the Board embarked upon a long and complicated hearing to prove specific charges against Mrs. Franceski and it was contented at the conclusion of that hearing with the record which had been made. Mrs. Franceski exercised her right to a judicial review to attack that hearing including the action of the Board in failing to vote on these specific charges brought against her.
The Johns case relied upon by the Board is distinguishable. There individual Board members had voted on some charges differing one from the other in result, but the court found that some of the charges were unfounded. In analyzing the Board's decision to discipline the teacher the court found that it was impossible to determine whether there was sufficient voting power among the Board members with respect to individual charges and to determine whether the Board would have disciplined the teacher with the elimination of certain charges which the Board members found *157 were unproved by the evidence. The court repeatedly used the language that it was remanding under these particular circumstances of the case.
In Immel v. Brown, 143 So.2d 156 (La. App. 3rd Cir. 1962) the court, in an unemployment compensation case, seemed to conclude that a remand was appropriate because the claimant should be given every consideration but that case cannot be extended to mandate liberality in remanding where the Board has failed to comply with the statute and the jurisprudence and seeks to correct by way of remand its own deficiencies in the conduct of the hearing.
Perhaps a remand could be made when a record is so incomplete that a court is unable to review a decision of a Board. To remand this case to the Board for the purpose of making specific findings which would be self-serving for the Board would hardly accomplish justice. This Board is the adversary of Mrs. Franceski. The remand at this point would be disruptive of the proceedings contemplated by the statute and would clearly conflict with the statute's intention to afford protection to the tenured teacher.
WAS THE BOARD'S DECISION PROPERLY HELD BY THE DISTRICT COURT TO BE ARBITRARY BECAUSE OF ITS FAILURE TO COMPLY WITH THE TEACHER ACCOUNTABILITY STATUTE
The trial judge concluded that the School Board was arbitrary in dismissing Mrs. Franceski for four reasons: First, because the Board failed to comply with R.S. 17:391.1 et seq.; second, because of the testimony of the various supervisors or directors of special education with respect to the nature of the program Mrs. Franceski was called upon to administer; third, he attached significance to the fact that the Board, while branding Mrs. Franceski as guilty of wilful neglect of duty in her position as supervisor of Special Education, nevertheless offered her the position of principal of two Special Education schools in the parish; and fourth, the attached significance to the great lapse of time between the various incidents and the bringing of charges.
With respect to the Teacher Accountability Statute, this was added to the revised statutes by Act 621 of 1977, and became effective on September 9. R.S. 17:391.5 provides that a School Board shall adopt a system of personnel evaluation and assessment before August 15, 1978, and that evaluation and assessment of the performance of personnel with permanent status shall be made at least every third year. The statute goes on to provide as follows:
"... In the event an employee is considered not performing his duties in a satisfactory manner then the employing authority shall notify the employee in writing of such termination and describe such non-performance. The employing authority shall thereafter confer with the employee making specific recommendations as to areas of considered unsatisfactory performance of the employee and to assist him to correct such considered deficiencies within a prescribed period of time. Assistance may include but not be limited to in-service training programs or such other appropriate programs."
It requires that the evaluation be in writing and that the employee has the right to provide a written reaction or response to it which shall become a permanent attachment to the employee's personnel file.
At the outset we note arguments between the parties in this case as to the applicability of this statute to Mrs. Franceski's case. The Board contends that the statute was not intended to supersede the Teacher Tenure Act, while Mrs. Franceski contends that she could not have been brought to task in the manner she was without compliance with the statute.
Since the Act took effect in September, 1977, and required evaluation at least every three years, in Mrs. Franceski's case the Board had until September, 1980, to comply with the statute as far as she was concerned. We are unable to say that the statute applied in this case in view of these *158 time restraints and consequently do not decide the relationship between the accountability statute and the Teacher Tenure law. However, the record is devoid of any showing by the Board that it had done anything to implement this statute as of the time it initiated tenure proceedings against Mrs. Franceski. The inference is clear that the Board disregarded the statute since all of its employees were to be evaluated within a three year period from September, 1977, and yet it appears to have done nothing by May, 1980. Displeasure with Mrs. Franceski began with Mr. Shepley's taking office as superintendent in May, 1978. It does seem unreasonable for the Board to ignore the provisions of this statute with respect to evaluation. However, we are not convinced that this inapplicable statute as a matter of law could form the basis for the conclusion that the Board was arbitrary in dismissing Mrs. Franceski.
On the other hand the second reason for the trial court's conclusion is supported by the record, especially considering the procedural deficiencies employed by the Board and already discussed in this opinion. It is clear that the duties of a supervisor of Special Education involved an extraordinary need for detailed paper work in compliance with federal and state laws establishing grant programs. Mrs. Franceski was provided with the assistance of one secretary and a bookkeeper but no professional staff. Her lack of assistance stood in marked contrast with all of the Special Education supervisors from other parishes who testified. In the final analysis, she was criticized for failure to perform duties which could not be adequately performed without her superintendent and the Board providing her with adequate assistance. The charges taken as a whole represent a huge collection of instances where she failed to meet deadlines or to coordinate programs or complete paper work despite the fact that there is no showing that anyone could have performed this work any better. The Board did not have the full benefit of the testimony of the other directors or supervisors of Special Education and perhaps would have reached a different conclusion had they done so. However, the full hearing provisions of the tenure act which authorized the introduction of this additional evidence gave the trial judge an opportunity to evaluate the charges against Mrs. Franceski on a sounder basis. There is no manifest error in the trial court's conclusion that the Board was arbitrary and unreasonable in dismissing her and he correctly reversed the Board's decision. Because of our conclusion in this regard it is unnecessary to discuss the court's conclusion that the Board was arbitrary in the other particulars discussed by the court.
Thus, we have resolved to reverse the decision of the Board to dismiss Mrs. Franceski because, 1) the Board committed reversible error in failing to act upon the specific charges it brought against her, and 2) the Board's decision was arbitrary because of its failure to consider the testimony available to the court that she did the best she could to handle an unusually complex job without adequate support.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.