493 So.2d 1258 (1986)
Wayne SUMMERS, Plaintiff-Appellant,
v.
VERMILION PARISH SCHOOL BOARD, Defendant-Appellee.
No. 85-954.
Court of Appeal of Louisiana, Third Circuit.
September 10, 1986.
Concurring in Part and Dissenting in Part September 12, 1986.
Rehearing Denied September 19, 1986.
Writ Denied November 21, 1986.
*1260 J. Isaac Funderburk, Abbeville, for plaintiff-appellant.
Edward Broussard, Abbeville, for defendant-appellee.
Before STOKER, KNOLL and KING, JJ.
KNOLL, Judge.
Wayne E. Summers, a tenured principal of the East Abbeville Elementary School, appeals the judgment of the trial court affirming the Vermilion Parish School Board's dismissal of Summers on grounds of dishonesty and willful neglect. The issues presented on appeal are: (1) whether the January 12, 1984, removal hearing was validly called and conducted in accordance with Louisiana law; (2) whether Summers' due process guarantees were violated during the January 12, 1984, hearing; and (3) whether the trial court erred in admitting into evidence the guilty plea and the corresponding minute entry from Summers' criminal case. We affirm.
The issues raised on this appeal were thoroughly covered by the learned trial judge in his excellent reasons for judgment, which we adopt as our opinion as follows herein:
"This is an appeal taken by Wayne E. Summers, hereafter petitioner, from a La. R.S. 17:443 removal hearing held by the Vermilion Parish School Board. Petitioner, a tenured principal employed by the Vermilion Parish School Board, was ordered terminated by the Board for dishonesty and willful neglect of duty.
On October 27, 1985, petitioner was arrested and charged with possession of marijuana with intent to distribute. At this time he was the tenured principal of East Abbeville Elementary School. On October 31, 1983, Acting Superintendent Norman Romero wrote a letter to petitioner advising him that he was indefinitely suspended from his position as principal, but that such suspension was with pay. (Summers' Exhibit # 8)
At the next Board meeting of November 3, 1983, the Board unanimously adopted the following resolution:

*1261 RESOLUTION
WHEREAS, It has been brought to the attention of the Vermilion Parish School Board that Mr. Wayne Summers, Principal of the East Abbeville Elementary School, has been arrested and booked on possession of marijuana with intent to distribute; and
WHEREAS, the Vermilion Parish School Board must protect the education [of] the children of Vermilion Parish and more specifically the students of East Abbeville Elementary.
NOW, THEREFORE, BE IT RESOLVED That the Vermilion Parish School Board, has suspended indefinitely without pay Mr. Wayne Summers from his duties as Principal of East Abbeville Elementary effective November 4, 1985. (emphasis mine) (Summers' Exhibit No. 9)
Pursuant to this resolution, Superintendent Romero, on November 4, 1983, forwarded a letter to petitioner notifying him of the above suspension without pay. This letter informed petitioner that he was being suspended from his position as principal because of his arrest and booking for possession of marijuana with intent to distribute. (Summers' Exhibit # 10)
At their next meeting on November 17, 1983, the Board adopted a resolution instructing the superintendent to notify Summers that a full hearing would be held regarding his removal. (Summers' Exhibit # 12) Thereafter, on November 21, 1985, Superintendent Romero wrote petitioner a letter formally charging Summers with:
1. Dishonesty and willful neglect of duty.
(a) Possession of marijuana with the intent to distribute as provided in R.S. 40:966(A)(1). Violation of your oath of office to observe and abide by the laws of the State of Louisiana.
The date of the alleged offense is October 27, 1983, and the place of the alleged offense was at the intersection of Highway 696 near your home at Route 4, Box 1704, Abbeville, Louisiana....
The letter also contained a list of witnesses expected to be called at the hearing, as well as the other statutorily required information. (Summers' Exhibit # 13)
On January 12, 1985, the removal hearing was held. Present at the meeting was petitioner and his counsel. After presentation of the evidence the Board voted unanimously to remove petitioner as a tenured school principal. Petitioner then took an appeal from that decision to this Court, as allowed by R.S. 17:443B.
In this Court petitioner has specified the following grounds as a basis for his appeal:
GROUNDS FOR APPEAL
A. Petitioner's constitutionally guaranteed right not to be deprived of his property rights without due process of law was violated by Defendant's action of November 3, 1983, wherein Petitioner was suspended without pay from his position as a tenured principal without benefit of the removal hearing required by R.S. 17:443.
B. The removal hearing held on January 12, 1984, was null and void since it was merely an attempt on the part of the defendant to undo the wrong it had previously committed.
C. During the hearing of January 12, 1985, the following statutory and/or due process requirements were violated:
(i) Refusal of Defendant to hear and sustain Petitioner's Exceptions of No Right of Action and No Cause of Action. (Summers' Appeal Exhibits B and C);
(ii) Defendant's improper admission into the record of evidence as to allegations with which Petitioner had not been charged by formal notice prior to the hearing.
(iii) Defendant's improper admission into evidence of hearsay testimony, improperly identified photographs and opinion/expert testimony from a fact witness who was not qualified as an expert.

*1262 (iv) Implementation by Defendant of an improper voting procedure.
(v) The decision of Defendant was arbitrary because there was no substantial evidence to establish that as a matter of law and as a matter of fact that Petitioner was dishonest and willfully neglected his duty as principal.
(vi) The decision of Defendant was arbitrary because there was no substantial evidence to establish that as a matter of law and as a matter of fact that Petitioner is not able to perform his duties as principal."
Each of these specifications of error shall be considered in the order presented, except the Exception of No Cause of Action which shall be considered last.

THE BOARD'S RESOLUTION OF NOVEMBER 3, 1983:
On November 3, 1983, the Board ex parte voted unanimously to suspend petitioner from his position as principal, indefinitely and without pay. (Summers' Exhibit # 9) Petitioner was not advised of this meeting, was not invited to attend, and consequently was not allowed to present a defense or confront his accusers. The first notice he received of this meeting was on November 4, 1984, when he was informed by letter of the Board's resolution suspending him without pay.
The removal of tenured teachers in Louisiana is governed by La.R.S. 17:441-444. R.S. 17:443 reads in part as follows:
443. Removal of teachers; procedure; right to appeal
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include [a complete and detailed list of the specific reasons for such charges and shall include] but not [be] limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
It is clear that the Board's suspension of petitioner by the ex parte resolution of November 3, 1983, did not comport with the procedures for removal as outlined in 17:443. The Board, in its brief, seeks to justify its action by arguing that the suspension was not a `removal' within the purview of 17:443, it is clear that a suspension `without pay' is a removal under 17:443,... and therefore the Board's action in depriving petitioner of his pay without a 17:443 hearing was illegal and unauthorized. As such, Summers is entitled to his salary, benefits and other emoluments appertaining thereto from November 3, 1983, until such time as a proper 17:443 hearing resulting in dismissal was conducted.
The remaining issues raised by petitioner deal with whether a lawful 17:443 hearing was thereafter conducted.
*1263 THE R.S. 17:443 REMOVAL HEARING Initially, petitioner argues that the removal hearing held on January 12, 1984, was null and void, since the Board had already suspended petitioner without pay by ex parte resolution on November 3, 1983, and thus the January 12, 1984, hearing was `merely an attempt on the part of Defendant to undo the wrong it had previously committed'. The Court finds this argument to be without merit. The Board's November 3, 1983, ex parte resolution was not a 17:443 hearing. Since the School Board is the only public body authorized by law to hold a hearing on the dismissal of a teacher, and 17:443 requires that such a hearing be held, it was incumbent on the School Board to hold the hearing, Tichenor v. Orleans Parish School Board, 144 So.2d 603 (La.App. 4th Cir.1962), regardless of what previous errors it may have committed.
Petitioner's remaining arguments deal with the alleged occurance of statutory and/or constitutional violations at the January 12, 1984, removal hearing.
Petitioner assigns as error the Board's refusal to hear and sustain his Exceptions of No Right of Action and No Cause of Action. It must first be pointed out that La.R.S. 17:443 contains no provisions authorizing the filing of exceptions in a removal hearing. However, petitioner was allowed to file his exceptions and present evidence in support of them as part of his defense. The Board's refusal to rule on his exceptions separately did not prejudice the petitioner in any way, since he was allowed to introduce any evidence that he wished as part of his defense, including that in support of his exceptions.
In his exception of No Right of Action petitioner argues that it is unconstitutional for the removal hearing to be held before the pending criminal charges are resolved. However, no cases are cited in support of this proposition nor is the Court aware of any. It suffices to say that a removal hearing under 17:443 and a criminal trial are entirely separate and independent proceedings, and the outcome of one does not necessarily affect the outcome of the other.
Petitioner assigns as error the failure of the Board to allow a voir dire examination of its members to determine the existence of any possible prejudice. R.S. 17:443 does not provide for such an examination, but does provide for a hearing `by the school board of the parish or city'. Voir dire is used for the selection of jurors in a civil or criminal trial; a defendant in a removal hearing has no right to choose which board members shall decide his case.
Petitioner also sees a `conflict of interest' in having one member of the District Attorney's office act as `prosecutor' at the removal hearing while another member of the same office acts as `advisor' to the School Board on points of evidence and procedure. This `conflict' does not exist. Louisiana law provides that the District Attorney shall be the attorney for the School Board, and such was the case here. The fact that the District Attorney saw fit to bring along an assistant to aid him in his duties is of no consequence.
Petitioner's final claim raised in his Exception of No Right of Action is that his due process rights were violated when the Board failed to adopt the Administrative Procedures Act, La.R.S. 49:951 et seq, for use at the removal hearing. However, by its very terms this act is inapplicable to a political subdivision such as the School Board. La.R.S. 49:951(2). Furthermore, it is a well settled principle of administrative law that strict rules of procedure, including that governing the admissibility of evidence, are not applicable in administrative proceedings. General Foods Corporation v. Brannan, 170 F.2d 220 (La.App. 7th Cir., 1948). It should also be pointed out that La.R.S. 17:433 [17:443] does not specify rules of procedure to be utilized at removal hearings. Having considered all the grounds raised by petitioner in his Exception of No Right of Action, the exception is overruled.
Petitioner next complains of the allegedly improper admission into the record at the January 12th removal hearing of evidence as to allegations with which petitioner had not been charged by formal notice prior to *1264 the hearing. As noted earlier in this opinion, the formal charges against Summers read as follows:
1. Dishonesty and willful neglect of duty.
(a) Possession of marijuana with the intent to distribute as provided in R.S. 40:966(A)(1). Violation of your oath of office to observe and abide by the laws of the State of Louisiana.
The date of the alleged offense is October 27, 1983, and the place of the alleged offense was at the intersection of Highway 696 near your home at Route 4, Box 1704, Abbeville, Louisiana...
Petitioner was arrested at the intersection of Highway 696 on October 27, 1983, when the truck in which he was driving was found to contain marijuana. The evidence which petitioner alleges was improperly admitted deals with items seized from petitioner's home and from the school kitchen. Petitioner argues that evidence concerning these items should not have been admissible, since they were not seized at the `place of the alleged offense'.
This argument is without merit. Petitioner was on notice he was being charged with possession of marijuana with intent to distribute. The evidence seized from the school kitchen (gleanings of marijuana on the kitchen scale) and from petitioner's residence (additional marijuana and plastic baggies) tend to corroborate the `intent to distribute' element of the charge, rather than raising any new issues or allegations. Petitioner's argument fails to recognize the difference between allegations and evidence supporting allegations. The evidence did not raise any new charges, it merely supported the initial charge, and thus no error was committed in admitting it into evidence.
Petitioner's remaining evidentiary objections are also without merit. He complains of hearsay evidence being admitted, that being Officer Duplantis' statement that Mr. Summers truck had been stopped on October 27, 1983, because of a `tip' from an informant. (Tr. p. 17, 1. 18). The introduction of this statement was harmless, since it was irrelevant in this removal hearing whether the officer had `probable cause' to stop petitioner or not.
Petitioner claims that the photographs which were admitted were improperly identified. In order to be admissible in evidence, it need only be shown that a photograph depicts correctly what it purports to depict. Derouen v. Department of Transportation and Development, 392 So.2d 765 (La.App. 3rd Cir.1980). As this showing was made, no error was committed in admitting the photographs.
Petitioner's final evidentiary objection is with Officer Duplantis' expression of opinion as to whether or not the amount of marijuana found in the possession of petitioner would have been for his personal use. In light of Officer Duplantis' experience in having worked on 40 to 50 narcotics cases the Court finds his expression of opinion to have probative value and its admission into evidence was not prejudicial to petitioner's rights.
Petitioner next finds fault with the voting procedure utilized by the Board, basing his argument on Franceski v. Plaquemines Parish School Board, 416 So.2d 150 (La. App. 4th Cir.1982), [writ denied, 421 So.2d 907 (La.1982)]. In the Franceski case sixteen charges had been brought against the teacher, but from the vote of the Board it was impossible to tell which of the charges they had found sufficient for her removal. The Court held that this vote was improper since a majority did not vote on the specific charges. In the instant case there was only one chargepossession of marijuana with intent to distribute. An unanimous Board clearly found petitioner guilty of this one charge, and thus the voting procedure utilized was in conformity with law, as there can be no doubt of which charge the Board found petitioner guilty of.
If petitioner argues that he was discharged on two grounds, that is, dishonesty and willful neglect of duty, the vote was unanimous and therefore at least a majority had to vote for one of the two, dishonesty or *1265 willful neglect of duty. There is no solace for him in that argument either.
Petitioner's remaining claims, as well as his Exception of No Cause of Action, challenge the validity of removing a principal on the ground that he possessed marijuana with intent to distribute.
R.S. 17:433 [17:443] provides the following grounds for the removal of a tenured teacher:
1. Willful neglect of duty
2. Incompetency
3. Dishonesty
4. Being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana.
Petitioner was found guilty by the Board of willful neglect of duty and dishonesty. `Willful neglect' is defined by Black's Law Dictionary, 5th Edition as the `intentional disregard of a plain or manifest duty, in the performance of which the public ... has an interest.' Websters 3rd New International Dictionary defines `dishonesty' as `lack of honesty, probity or integrity in principle'. The same source defines `probity' as `uncompromising adherence to the highest principles and ideals, unimpeachable integrity.'
The Court feels that petitioner's conduct is encompassed within both "dishonesty" and "neglect of duty". Petitioner was found guilty by the Board of possession [of] marijuana with intent to distribute, acts which constitute a felony crime in Louisiana. By his actions petitioner demonstrated that he lacked an uncompromising adherence to the highest principles and ideals, and as such lacked probity, and was therefore by definition, dishonest. Furthermore, as a school principal petitioner had a duty to the public to cultivate respect for authority among the younsters [sic] under his supervision, surely being guilty of acts constituting a felony exhibits a `willful neglect' of that duty. Finally, public policy and common sense dictate that a School Board have [sic] the power to remove a teacher found guilty of acts constituting a serious felony, especially one involving a serious social problem such as drug abuse. In light of the foregoing, it is unnecessary to discuss petitioner's Exception of No Cause of Action, since the Court finds petitioner's conduct squarely within the definitions of `dishonesty' and `willful neglect of duty'.
In Mims v. West Baton Rouge Parish School Board, 315 So.2d 349 (La.App. 1st Cir.1975), the standard of review for cases such as these was stated as follows:
[W]here all procedural safeguards are shown to have been fulfilled [in dismissal of tenured teacher], judicial review is confined to [a] determination of whether [the] action of [the] dismissing authority is supported by substantial evidence of record and whether or not such action was either arbitrary, capricious or [an] abuse of discretion.
It is not insignificant that at the hearing petitioner introduced no evidence on his behalf as to his possible innocence. On appeal the Vermilion Parish School Board moved to introduce certified copies of a minute entry of petitioner's guilty plea to the charge of possession of marijuana with intent to distribute as well as a certified copy of the plea of guilty form executed by him. Upon the offer, this Court after reading Franceski, supra, ruled that a school board could not introduce evidence on appeal. On reflection this Court is of the opinion that it was in error for the reason that this evidence did not exist and was not available to the school board at the time of its hearing and it was not through its fault or laches that this evidence was not introduced at that time. This evidence is material to the charge inasmuch as the plea of guilty removes any doubt of petitioner's guilt in connection with this felony.
If this Court understands petitioner's position, it is that regardless of the fact that he was guilty of possession of marijuana with intent to distribute, this felony does not equate to dishonesty and/or willful neglect of duty. As we have demonstrated hereinabove by the definitions of these terms, he *1266 is guilty of dishonesty and willful neglect of duty.
It is to be noted that the certified copies of the minute entry and plea of guilty form concerning petitioner's plea were introduced by proffer after the Court's ruling denying its offering.
It has already been shown that all procedural safeguards were observed in the removal hearing. Petitioner was given notice of the charges against him and a hearing at which to answer those charges, present evidence, and to cross examine opposing witnesses. Such is all due process and 17:443 require. All that remains is to determine whether the Board's decision is supported by substantial evidence and whether their action was arbitrary and capricious. The Court is of the opinion that the evidence presented at the removal hearing clearly supports the Board's decision, and that the decision was not an abuse of discretion. As such, the Court finds that petitioner was lawfully removed from his position as principal on January 12, 1984, the date of the removal hearing. However, petitioner was unlawfully deprived of his salary from November 3, 1983, the date of the Board's ex parte resolution suspending petitioner without pay, until January 12, 1984, the date of the removal hearing. He is entitled to his salary for this period. In all other respects the decision of the School Board is affirmed." (Benefits and other emoluments were granted in the trial court's amended reasons for judgment.)
In further comment concerning the issue of admission into evidence on judicial review of Summers' plea of guilty form and minute entry from his criminal conviction, we find this evidence an integral part of and expansive of the evidence presented before the school board. Moreover, it was most helpful to the district judge in arriving at a just decision. Therefore, under the circumstances of this case, we find the evidence was properly admitted into evidence on judicial review.
Summers argues that the school board cannot assume that his involvement with illegal drugs automatically forms a legal basis for dismissal. We disagree. Involvement with illegal drugs is a plague that most often pursues our youth, even on school grounds. The school board would be remiss in its duties if it did not properly dismiss Summers for his involvement with illegal drugs.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to appellant, Wayne Summers.
AFFIRMED.
KING, J., concurs in part and dissents in part for written reasons assigned.
KING, Judge, concurring in part and dissenting in part.
I concur with the finding of the majority that the School Board removal hearing was properly called and conducted in accordance with Louisiana law and that plaintiffappellant's due process rights were not violated at the time of the removal hearing conducted before the School Board.
I dissent from the finding by the Court that evidence of the criminal conviction of plaintiff-appellant was properly admitted in the district court at the time of the judicial review hearing of the School Board's removal decision. At the time of the judicial review hearing in the district court the School Board moved to introduce certified copies of a minute entry and a guilty plea form of plaintiff-appellant's subsequent guilty plea to the criminal charge of possession of marijuana with intent to distribute. The trial judge maintained plaintiff-appellant's objection and ruled that the School Board could not introduce this evidence at the judicial review hearing in the district court. The School Board then placed this evidence in the record by proffer after the court's ruling denying its offering. After the matter was taken under advisement the trial judge reversed his ruling and considered this evidence as will appear from the trial judge's written reasons for judgment. While I agree that the evidence of plaintiff-appellant's criminal conviction was not available at the time of the School *1267 Board removal hearing and that the plaintiff-appellant's plea of guilty removes any doubt of his guilt in connection with the crime for which his removal was sought, it is my opinion that this evidence was improperly considered by the trial court. The Louisiana Supreme Court, in interpreting LSA-R.S. 17:443(B) (which gives a right of judicial review from a School Board decision removing a tenured teacher), has made it clear that unless a teacher chooses to introduce additional evidence in the district court at the time of a judicial review hearing, of the School Board decision to remove the teacher, that the School Board is confined to the record (transcript of the proceedings at the School Board removal hearing) of the evidence on which it acted. See Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959). In this case the record of the judicial review hearing in the district court clearly shows that no evidence was introduced by the plaintiff-appellant other than the transcript of the proceedings of the removal hearing held before the School Board. The plaintiff-appellant timely objected to the receipt of evidence of his conviction of the criminal charge at the time of the judicial review hearing in the district court and the trial judge originally maintained this objection but permitted the evidence into the record by proffer. Later the trial judge reversed his ruling, outside of Open Court and off of the record, and in fact specifically considered this evidence in reaching his opinion.
For this reason I believe that the later consideration by the trial judge of evidence of plaintiff's criminal conviction at the time of the judicial review hearing in the district court was improper. However, the transcript of the proceedings at the removal hearing held before the School Board clearly shows the plaintiff-appellant's guilt of the crime for which his removal was sought. For this reason I consider the introduction of evidence of plaintiff-appellant's subsequent conviction at the time of the judicial review hearing in the district court and its consideration by the trial judge to only be harmless error.
For these reasons I concur in the affirmation of the judgment of the trial court.