Dear Mr. Tarpley and Mr. Lemoine:
This office is in receipt of your opinion requests wherein you seek an Attorney General's Opinion as to whether the tenure of two employees may be terminated by the Grant Parish School Board ("School Board"). In a letter dated May 5, 1995, Mr. Lemoine stated that two teachers, Mr. Edward Borland and Mr. Charles Clark, employed by the School Board were convicted of felonies arising out of the performance of their duties as Mayor and Alderman, respectively, for the Town of Colfax. Mr. Lemoine also stated the following facts:
 Mr. Edwin Joseph Borland, an Agriculture teacher with the Grant Parish School Board for 21 consecutive years and also Mayor of the Town of Colfax pled guilty to a charge of theft of a value over Five hundred ($500.00) dollars. This charge involved theft of materials, supplies and labor.
 Charles Clark, an Assistant Principal with the Grant Parish School Board and (sic) also on the Colfax Town Council, was charged with Malfeasance in office. Mr. Clark had been employed with the Grant Parish School Board for 27 years.
 Both men had their teacher's certificates suspended by the State Board of Elementary and Secondary Education, Clark and Borland later petitioned the Court that imposition of sentence be suspended under Article 893. Motion was granted.
 Both Borland and Clark will have their certificates reinstated in June 1995.
Mr. Lemoine has also indicated that "the concerns of the Grant Parish School Board are whether these employees are still tenured employees and whether they should be reinstated to their former positions with the Board or would the Board still be required to have a tenure hearing before dismissal". Mr. Tarpley's opinion request is limited to whether the conviction or the suspension of the employees-in-question operates pursuant to C.Cr.P. Art 893 to terminate tenure. First, I will address Mr. Lemoine's concern as to whether a tenure revocation hearing is required before a teacher can be dismissed.
The procedure for the removal of tenured teachers is set forth in LSA-R.S. 17:443 which provides, in pertinent part, as follows:
 A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing.
Therefore, in response to Mr. Lemoine's concern, the employees-in-question are still tenured, albeit temporarily suspended. Tenure is not automatically terminated when a teacher pleads guilty to the commission of a felony. A tenure revocation hearing would be required prior to revoking an employee's tenure rights. As discussed in Attorney General Opinion 82-767, LSA-R.S.17:443(A) envisions the right of confrontation of witnesses.
At a tenure revocation hearing, the Board has to determine whether an employee is guilty of "willful neglect of duty, incompetency, dishonesty or of being a member of or contributing to any group, organization, movement or corporation which is by law or injunction prohibited form operating in the State of Louisiana". LSA-R.S. 17:443. In the present case, one employee pled guilty to one count of theft over five hundred dollars ($500.00) and the other employee pled guilty to one count of malfeasance in office. Both the crime of malfeasance in office, LSA-R.S. 14:134, and theft of amounts to a value of five hundred dollars or more, LSA-R.S. 14:67(B)(1), qualify as felonies under LSA-R.S. 14:2.
In Summers v. Vermilion Parish School Board, 493 So.2d 1258
(La.App. 3 Cir. 1986), an elementary school principal was arrested and charged with possession of marijuana with intent to distribute. Subsequently, the Vermilion Parish School Board dismissed him on the grounds of dishonestly and willful neglect based on those felony charges. The Third Circuit Court of Appeal affirmed the School Board's dismissal and stated:
 "By his actions [the principal] demonstrated that he lacked an uncompromising adherence to the highest principals and ideals, and as such lacked probity, and was therefore by definition, dishonest. Furthermore, as a school principal petitioner has a duty to the public to cultivate respect for authority among youngsters [sic] under his supervision, surely being guilty of acts constituting a felony exhibits a `willful neglect' of that duty."
Id. at 1265.
In Bernard v. Avoyelles Parish School Board, 640 So.2d 321, at 326 (La.App. 3 Cir. 1994), the same Court of Appeal cited Summers in its decision upholding a school bus operator's dismissal from employment for, among other reasons, being guilty of a felony. This conviction constituted "willful neglect" of the operator's duty to encourage respect for authority among the children under his supervision. Id. Therefore, it is this office's opinion that Mr. Borland and Mr. Clark are properly subject to scrutiny before the Grant Parish School Board. Their convictions may be interpreted by the School Board as proper grounds for revoking their tenures under LSA-R.S.17:443.
You also inquire as to whether the suspension of felony convictions of the employees-in-question pursuant to C.Cr.P. Art.893 bars the School Board from considering those convictions in these determinations. You indicate that these employees have petitioned the Court before whom they were convicted to suspend their sentences pursuant to C.Cr.P. Art. 893. Subsequently, their requests were granted.
C.Cr.P. Art. 893(D) states:
 D. When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution, except for a conviction of a sex offense as defined by LSA-R.S. 15:542(E), involving a child under the age of seventeen years. The dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
La. C.Cr.P. Article 893 allows the court to set aside a conviction and dismiss the prosecution, except for the conviction of a sex offense defined by LSA-R.S. 15:542(E), at the conclusion of the defendant's probationary period if the defendant has satisfactorily completed it. In Louisiana State BarAssociation v. Porterfield, 550 So.2d 584 (La. 1989), the Louisiana Supreme Court upheld an attorney's suspension from practicing law pursuant to disciplinary proceedings conducted by the Louisiana State Bar Association after the attorney was convicted of possession of cocaine with intent to distribute, a felony under LSA-R.S. 40:967(A)(1). The Supreme Court analogized its decision to the U.S. Supreme Court's treatment of expunged state convictions in the context of federal firearms laws,Dickerson v. New Banner Institute, 460 U.S. 103,103 S.Ct. 986 (1983):
 ". . . expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty. Expunction . . . means no more than that the state has provided a means for the trial court not to accord a conviction certain continuing effects under state law." Porterfield, at 587.
In conclusion, the Louisiana Supreme Court reasoned that the "Bar Association looks only to the historical fact of the conviction. Any later actions which the courts may take (with the exception, of course, of vacating or reversing the conviction on direct appeal) are irrelevant. . . . Later actions by the trial judge may go to the issue of mitigation, but they do not change the fact that a conviction has occurred". Id.
Therefore, the Grant Parish School Board may continue to consider the convictions of the employees-in-question in their determination of whether to permanently revoke their tenures pursuant to LSA-R.S. 17:443. A suspension pursuant to C.Cr.P. Article 893 does not remove felony convictions from this review.
I trust this opinion has sufficiently addressed your concerns. If we can be of further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JAMES ROSS ASSISTANT ATTORNEY GENERAL
JR:ams
Honorable Edward L. Tarpley, Jr. District Attorney-Grant Parish P.O. Box 309 Colfax, Louisiana 71417
Mr. James M. Lemoine Superintendent of the Grant Parish School Board P.O. Box 208 Colfax, Louisiana 71417-0208
DATE RECEIVED:
DATE RELEASED:
JAMES ROSS ASSISTANT ATTORNEY GENERAL