STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-163


DARIUS SIAS

VERSUS

IBERIA PARISH SCHOOL BOARD


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115977
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


AFFIRMED.

Justin Wayne Landry
Attorney at Law
P. O. Box 12132
New Iberia, LA 70560-2132
(337) 369-4420
Counsel for Defendant-Appellee:
Iberia Parish School Board

Harold Dewey Register, Jr.
Attorney at Law
216 Rue Louis XIV
Lafayette, LA 70508
(337) 981-6644
Counsel for Plaintiff-Appellant:
Darius Sias

**PICKETT, Judge.**

Darius Sias appeals the judgment of the district court upholding the Iberia Parish School Board's termination of Sias as principal of the Iberia Parish Alternative School.

**STATEMENT OF THE CASE**

On July 29, 2008, the Iberia Parish Sheriff's Office arrested Darius Sias after a raid on his home pursuant to a search warrant. He was charged with possession of cocaine, possession of marijuana, possession of a firearm, monetary instrument abuse (possession of counterfeit money), and possession of drug paraphernalia. At the time of his arrest, Sias was employed by the Iberia Parish School Board as the principal of the Iberia Parish Alternative School.

The following day, Sias was placed on administrative leave by the superintendent of schools and asked to submit to a drug test before the close of business on July 30, 2008. Sias appeared for a drug test at the designated location one day later, on July 31, 2008. One month later, on August 26, Sias was charged with attempted perjury. Following an administrative hearing on September 18, Sias was suspended with pay. On October 1, 2008, the Iberia Parish School Board scheduled a tenure hearing for Sias on October 28, 2008. Dale Henderson, the superintendent of Iberia Parish Schools, notified Sias of the hearing and of the specific charges against him in a letter dated October 2, 2008. The five charges were:

1. During the execution of a search warrant by law enforcement officials on or about July 29-30, 2008, you were discovered to be in possession of cocaine and marijuana at your residence[.]

2. During the execution of a search warrant by law enforcement officials on or about July 29-30, 2008, you were discovered to be in possession of counterfeit money at your residence[.]

1

3. After the above incident you engaged in activity to suborn perjury by requesting an individual named Stacey Bennett to accompany your wife, Lucia Verret, a teacher at New Iberia High School, to your attorney's office to execute an affidavit that would attest that she (Bennett) was the owner of the cocaine found in your residence on July 29, 2008.

4. On July 30, 2008, you failed to submit in a timely manner to a reasonable drug screen in violation [of] School Board policy.

5. Engag[ing] in the unlawful activity of possessing and using illegal narcotics in the presence of a former student while said student was residing in your home.

The violations of counts 1, 2, and 5 above amount to immoral activity and render you incompetent to teach and be responsible for the proper education and supervision of your students.

The hearing on October 28, 2008 was conducted even though neither Sias nor his attorney was present. The record was left open for Sias to have the opportunity to cross-examine witnesses and present a defense. The School Board voted to place Sias on administrative leave without pay at the conclusion of that meeting. The tenure hearing continued on February 5, 2009. Sias chose not to introduce any evidence at the hearing. Instead, he argued that the hearing should be postponed (1) until the criminal charges were disposed of; and (2) that the District Attorney should recuse itself or the School Board should hire outside counsel. At the conclusion of this hearing, the School Board voted that "the evidence presented a finding of guilty of incompetence, willful neglect of duty, and dishonesty." Sias was terminated effective February 5, 2009.

Sias appealed the decision of the School Board to the district court pursuant to La.R.S. 17:443. Following a hearing, the district court issued written reasons upholding the decision of the School Board and issued a judgment in conformity therewith. Sias now appeals.

2

## ASSIGNMENT OF ERROR

Sias asserts one assignment of error:

The trial court erred in finding that the Iberia Parish School Board presented sufficient evidence to support the removal of Darius Sias.

## DISCUSSION

The procedure governing removal of a tenured teacher is set forth in La.R.S. 17:443(A):

A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency, dishonesty, or immorality, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein shall impair the right of appeal to a court of competent jurisdiction.

On appeal, a court reviewing a school board's decision to end tenure is "limited to a determination of whether the school board complied with the procedural requirements of La.R.S. 17:443 and whether its findings were supported by substantial evidence." *Richard v. Lafayette Parish Sch. Bd.*, 08-73, p. 4 (La.App. 3 Cir. 5/21/08), 984 So.2d 218, 221 (citing *Howell v. Winn Parish Sch. Bd.*, 332 So.2d 822 (La.1976)).

In this appeal, Sias does not directly attack the evidence presented to the School Board. Instead, he argues that (1) the School Board treated him and his wife differently, (2) the School Board was aware of certain evidence regarding the investigative officer's misconduct, (3) the district attorney's office had a conflict of interest in its representation of the School Board and its prosecution of Sias, (4) the evidence introduced at the tenure hearing does not involve incompetency during the school day or on school grounds, and (5) he has not been convicted of any criminal charges, as they are all pending.

## Disparate Treatment of Lucia Vervet

Following this incident, Sias' wife, Lucia Vervet, was given written instructions to report for a drug screen. Later, the administration of the school system gave her the option to resign from her teaching position rather than face a tenure hearing. We find nothing legally relevant in the School Board's treatment of Vervet's case, especially she was never arrested and charged with multiple felonies.

## Evidence of Misconduct

While Sias did not present any evidence at the hearing, his attorney did argue that one of the officers investigating his case had been charged with criminal activity and that Sias was one of his victims. There is absolutely no evidence to support this contention except the statement made by Sias' attorney during the School Board hearing. We find that these allegations, unsupported by the record, are not sufficient grounds to reverse the School Board's decision.

## District Attorney's Conflict of Interest

Sias argues that it is a conflict of interest for the district attorney to represent the School Board and to prosecute him on criminal charges. In fact, the District Attorney is required to perform both tasks under the law. *See* La.R.S. 16:2 and

4

La.Code Crim.P. art. 61. These proceedings are entirely separate and the outcome of one does not affect the outcome of the other. We find nothing in the law which supports Sias' argument. *See Summers v. Vermilion Parish Sch. Bd.*, 493 So.2d 1258 (La.App. 3 Cir.), *writ denied*, 497 So.2d 312 (La.1986).

Furthermore, Sias' suggestion that La.R.S. 16:2 should be declared unconstitutional is not properly before this court. *See* Rule 1-3, Uniform Rules, Courts of Appeal.

## Grounds for Termination

At the hearing, the School Board heard evidence of Sias' arrest and the presence of counterfeit money and drugs and drug paraphernalia at his home. A former student who lived in Sias's home testified that Sias used drugs in front of him. Another school employee testified that he gave drugs to Sias. Sias also did not timely submit to a drug screen, and when he did show up, he refused one of two tests. Sias did not mount a defense, or even cross-examine the witnesses, citing his criminal prosecution. In his brief to this court, Sias attacks the witnesses' credibility, but nothing more. We find the School Board heard sufficient evidence to support dismissal for willful neglect of duties and dishonesty and did not abuse its discretion in firing Sias.

The evidence for incompetency is less compelling, as there was no evidence of any failure in the performance of his job duties. Even if the School Board erred in finding Sias was incompetent, our findings on the issues of willful neglect of duties and dishonesty renders this issue moot.

Finally, Sias argues that the School Board should have waited to act until the criminal prosecution was concluded. He cites no law to support this argument. We find that the School Board committed no error in firing Sias.

## CONCLUSION

The judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to Darius Sias.

**AFFIRMED.**