634 So.2d 1197 (1993)
Donald Glenn JONES, Plaintiff-Appellee,
v.
RAPIDES PARISH SCHOOL BOARD, Defendant-Appellant.
No. 92-896.
Court of Appeal of Louisiana, Third Circuit.
May 19, 1993.
Rehearing Granted July 13, 1993.
Opinion Amending Judgment on Rehearing November 3, 1993.
*1198 James Joseph Brady, Brian D. Cespiva, Alexandria, for Donald Glenn Jones.
Raymond L. Brown Jr., Field Vernon Gremillion III, Alexandria, for Rapides Parish School Bd.
Before DOUCET, YELVERTON and COOKS, JJ.
COOKS, Judge.
Donald Glenn Jones, a tenured teacher, was dismissed from his position for willful neglect of duty by the Rapides Parish School Board. Jones appealed to the district court, which reversed the decision of the School Board reinstating him with back pay. The School Board appeals. We affirm.

FACTS AND PROCEDURAL HISTORY
Jones was a reading teacher at Tioga Junior High School. On May 18, 1989, he showed a portion of the movie "Child's Play," an "R" (restricted) rated movie, to his junior high classes. The "R" rating is based on the movie's violent nature and adult language. On discovering Jones allowed his classes to view the movie, Winston Welch, the principal at Tioga Junior High School, recommended his dismissal for willful neglect of duty and incompetence to Allen Nichols, the Rapides Parish Superintendent of Schools.
Nichols, by letter to the School Board dated June 13, 1989, concurred in Welch's recommendation. Nichols listed seven different infractions committed by Jones, dating from September of 1984 through the showing of the movie in May of 1989. Jones was charged with these infractions and made the subject of a disciplinary action under the provisions of LSA-R.S. 17:443. After the hearing on August 7, 1989, the Board voted to dismiss Jones from his position as a tenured teacher.
Jones then petitioned the district court for a full hearing to review the action of the School Board. In its reasons for judgment, the district court found it was "fundamentally unfair" to force him to defend, without warning, against charges which he answered previously. The Court noted Jones was prepared at the hearing to defend only against the current charge of showing the "Child's Play" movie. The Court also found he was entitled to know the specific charge or charges which resulted in his termination. There were seven (7) separate charges against plaintiff, but only one (1) vote was taken on all the charges at the conclusion of the hearing. Citing the case of State Ex. Rel. Franceski v. Plaquemines Parish, 416 So.2d 150 (La.App. 4th Cir.1982), writ denied, 421 So.2d 907 (La.1982), the district court concluded Jones was entitled to a vote on each charge to determine which charge(s) prompted his dismissal. The Court also found there was no evidence in the record to show Jones received a list of the old charges prior to the hearing, and that the current charge of showing the "R" rated movie was not sufficiently proved.
For the above reasons, the district court issued a judgment reversing the decision of the Rapides Parish School Board, reinstating Donald Glenn Jones to his position as a tenured teacher with back pay. This appeal ensued.

*1199 ISSUES
The School Board's brief asserts twelve (12) assignments of error which we group into four categories. The School Board argues: (1) the district court erred in concluding the "old charges" were improperly brought against Jones; (2) the district court erred in finding the School Board's decision should have contained a ruling on specific charges; (3) the district court erred in finding the School Board's decision was not based on substantial evidence; and (4) the district court erred in failing to require proof by Jones that he lost salary as a consequence of his termination.
In Howell v. Winn Parish School Board, 332 So.2d 822, 825 (La.1976), the Louisiana Supreme Court set out the standard of judicial review of a school board's action under the Louisiana Teachers Tenure Act, LSA-R.S. 17:441 et. seq., as follows:
"... whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required. In such cases, the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion.... this Court will limit its inquiry to a determination of whether the action of the school board was (1) in accordance with the authority and formalities of the Louisiana Teachers Tenure Act, and (2) supported by substantial evidence, or conversely, an arbitrary decision and thus an abuse of discretion." (citations omitted).

OLD CHARGES
The School Board argues the prior violations were presented to document Jones' cumulative history of willful neglect of duty. The "old charges" included two (2) instances in 1984 and one (1) in 1988 where Jones was admonished for keeping students in a classroom when they were scheduled to attend another class; two (2) instances in 1985 where he was given a "needs improvement" rating by a supervisor regarding his teaching performance; and one (1) instance in 1987-1988 where he allegedly did not give any teacher-made tests to his students.
Jones' counsel strenuously objected to the introduction of these old charges at the hearing. Counsel argued his client was prejudiced by having to defend charges relating back several years. Jones stated, under oath, he could not clearly recall the events surrounding the old charges. He also pointed out these problems were apparently resolved, as evidenced by the School Board's continued renewal of his employment contract.
Although no statute limits a school board's power to consider past conduct in a current charge of willful neglect of duty, the lapse of time may bar prosecution when it would render a resulting conviction fundamentally unfair. Wiley v. Richland Parish School Board, 476 So.2d 439 (La.App. 2nd Cir.1985). The district court found Jones was prejudiced and impaired in defending himself against some of the "older charges." Thus, the court reasoned the resulting conviction based on these charges was fundamentally unfair. The court further found the record was devoid of evidence showing Jones was provided with a written list of charges required by LSA R.S. 17:443. LSA R.S. 17:443(A) provides in pertinent part:
"At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher." (Emphasis added)
After reviewing the record, we find the district court did not err in reaching its conclusions. Jones was substantially prejudiced in having to defend against stale charges which he answered in the past to the Board's satisfaction. Furthermore, he did not receive *1200 adequate and timely notice of the prior charges.

SPECIFIC CHARGES
The district court found plaintiff was entitled to know which charges resulted in his termination. In support of this conclusion, the district court cited Franceski, supra. In Franceski, a supervisor for the Plaquemines Parish School Board, faced sixteen (16) charges which allegedly demonstrated her incompetence and/or willful neglect of duty. At the close of the disciplinary hearing, the School Board voted to dismiss Franceski, who then petitioned the district court for review of the School Board's decision under LSA-R.S. 17:443. The court of appeal affirmed the district court's ruling that the School Board violated the Louisiana Teacher's Tenure Law in dismissing Franceski without first voting on individual specific charges. Franceski was reinstated with back pay.
The School Board attempts to distinguish Franceski. However, the language in that case is clear. To meaningfully review a tenure case, the court must know the charge or charges which supports a board's guilty finding. Counsel for Jones timely objected to the School Board's failure to vote on the individual charges. We conclude, as did the district court, the Board was obligated to vote on the specific charges and its failure to do so violated Jones' rights under LSA-R.S. 17:443.

SUBSTANTIAL EVIDENCE
The School Board contends on appeal sufficient evidence was presented on the current charge of showing the improper movie. We are not inclined to agree with the School Board's assessment of the evidence. The critical question remains whether Jones' dismissal, was based on "substantial evidence." We are unable to properly evaluate and segregate the evidence to determine which charge or charges were substantially proven by the Board, if any. All the charges were not established by "substantial evidence."
At the hearing, Jones disputed the charge that he allowed two (2) students to remain in his classroom when they were assigned to be in another teacher's classroom. No proof was offered to contradict his contrary explanation of the situation. The "needs improvement" rating Jones received years back does not warrant his termination in light of the contract renewals and his subsequent receipt of "satisfactory" ratings.
We also note even if the current charge of showing the "R" rated movie was proved by substantial evidence, standing alone it does not justify dismissal. At the time of this occurrence the School Board had no film policy in effect. This court has recently rendered an opinion in Roberts v. Rapides Parish School Board, C.A., No. 92-602, 617 So.2d 187 (La.App. 3rd Cir.1993) which addresses a nearly identical situation. In Roberts, a colleague of appellee at Tioga Junior High was charged with willful neglect of her duties and incompetence. The charges against Ms. Roberts involved the same English department within Tioga Junior High School, the same school board, and the same educationally inappropriate movie, "Child's Play," as are involved in the instant case. The teacher showed the movie "Child's Play" to her class on May 19, 1989, one (1) day after Jones is accused of the same conduct.
As gleaned from this court's opinion in Roberts, the teacher showed the movie to her class knowing that Jones had been reprimanded the previous day for the same offense. The opinion also reflects the teacher even acquired the "Child's Play" movie from the same junior high student who provided Mr. Jones with the video.
Considering the identical nature of these offenses, it was arbitrary and capricious for the School Board, absent some other determining factor, to respond by suspending one teacher and terminating the other. The fact that Ms. Roberts had prior knowledge of the principal's objection to showing the movie renders even more suspect the heavier penalty levied against Mr. Jones. Comparing these cases, we must conclude if the "old charges" were not considered, Jones would not have been terminated from his position.
We find not all of the charges against Jones were supported by substantial evidence as required. Without knowledge of *1201 the specific charges Jones was found guilty of violating, we cannot say the trial court manifestly or legally erred in finding his dismissal was not based on substantial evidence.

LOST SALARY
The School Board contends Jones has failed to prove he lost any salary as a result of the termination. This issue was not raised below. Apparently, the district court did not consider it. The School Board admits it did not pay Jones after his termination. We do not find the district court erred in awarding Jones back pay under LSA-R.S. 17:443.

DECREE
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings at the trial level and on appeal are assessed to defendant-appellant, the Rapides Parish School Board.
AFFIRMED.
YELVERTON, J., dissents and assigns reasons.
YELVERTON, Judge, dissenting.
Jones' explanations for the showing of "Child's Play" were absurd. First he said that it was a reward for his students. Then he tried to link it to review for finals. The movie was shown on Thursday. Review for final exams was to begin the next day. Somehow, a discussion of the movie was planned on Friday as part of review for finals. When asked what they were going to discuss, Jones illustrated by saying that he could tie the talking doll of "Child's Play" in with the talking horse, Mr. Ed, of television fame. Still, he maintained that his prime intent in showing the movie was not because of its educational value, but rather to reward his students.
Explaining how it was a reward, Jones stated that his students had told him that he never showed movies like the other teachers did and that, by showing them this movie, he would just be like their other teachers.
For this pure waste of students' time, added to other earlier evidence of incompetency, Jones was fired. The showing of the movie was the straw that broke the camel's back.
The requirements of LSA R.S. 17:443(A) were complied with in every particular. Superintendents Exhibits # 7 and # 8 show that Jones got the statement of charges, containing the list of detailed reasons complete with dates and places. Jones' attorney was provided a list of witnesses on July 12, 1989, Superintendent Exhibit # 9. The hearing was conducted August 7. Jones' responses to questions regarding the "old charges" were unhesitating. His memory was good. He had all the answers. He was not prejudiced by the age of some charges. In my view, there was a rational basis for the board's determination supported by substantial evidence. I would reverse the trial court's judgment and reinstate the dismissal by the school board.

ON REHEARING
PER CURIAM.
Rapides Parish School Board filed this application for rehearing which does not seek to change the majority's opinion affirming the lower court's judgment reversing the Board's termination of Jones' employment and ordering his reinstatement as a tenure teacher with full back pay. Rather, the Board requests that we consider the limited question of whether the showing of the movie by Jones warranted suspending his employment for a period, as a disciplinary measure, like that imposed and affirmed by this court in Roberts v. Rapides Parish School Board, 617 So.2d 187 (La.App. 3d Cir.), writ denied, 619 So.2d 1068 (La.1993).
At oral argument (though with understandable reluctance) Jones' attorney finally agreed a period of suspension might by justified under the circumstances and (with equal reluctance) suggested imposition of a one semester suspension period would "evenly balance the scale of discipline" between Jones and Roberts for engaging in the same conduct. On the other hand, the Board vigorously pled for a longer suspension period totalling five (5) semester arguing Jones' allowed *1202 the movie to be viewed by five (5) consecutive classes without prescreening compared to Roberts who allowed only one class to view the movie.
As noted in our original opinion, Roberts "had prior knowledge of the principals objection to showing the movie," yet she showed the movie to her class. Once notified of the principal's dissatisfaction with the movie showing, Jones immediately stopped his classes from viewing the movie. While we agree "some disciplinary action" is warranted under the circumstances, five (5) semesters is still "harsh" compared to the one (1) semester suspension period imposed on Roberts. Striking a fair balance in this case is not easy. However, on careful reflection, we believe a two (2) semester suspension period under the circumstances is reasonably justified. Therefore, the judgment of the lower court is affirmed in all respects, except it is amended on rehearing to reflect the Board may impose, on limited remand, a maximum two (2) semester suspension against Jones for the movie showing.