584 So.2d 369 (1991)
Clifford G. BAKER
v.
ST. JAMES PARISH SCHOOL BOARD.
No. 91-CA-32.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1991.
Writ Denied November 8, 1991.
*370 William P. Quigley, New Orleans, for plaintiff-appellant.
Raymon G. Jones, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee.
Nel Vezina, Vezina & Associates, Gretna, for defendant-appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
*371 GAUDIN, Judge.
The St. James Parish School Board found a school principal, Clifford G. Baker, guilty of willful neglect of duty and demoted him to classroom teacher. Baker filed a petition for judicial review in the 23rd Judicial District Court, which on September 6, 1990 affirmed the school board's disciplinary action. On further review, we find that the testimony and evidence are supportive of what the school board did; consequently, we likewise affirm.
On appeal, Baker specified these eight district court errors:
"1. The trial court erred in ruling that the School Board's notice of charges to Clifford Baker complied with LSA-R.S. 17:443.
"2. The trial court erred in ruling that the district attorney's office which served as counsel for the School Board as adjudicator and as counsel for the superintendent as prosecutor was not an improper commingling of functions and thus a due process violation.
"3. The trial court erred in ruling that secret pre-hearing ex parte communication between the prosecutor and the chief adjudicator, the School Board president, regarding the preparation of a much more specific list of charges against Mr. Baker, did not violate LSA-R.S. 17:443 and due process considerations.
"4. The trial court erred in ruling that the state courts of Louisiana have no jurisdiction under 42 U.S.C. §§ 1981-1988.
"5. The trial court erred in ruling that the charges against Clifford Baker proved willful neglect as per LSA-R.S. 17:443.
"6. The trial court erred in ruling that the hearing conducted by the school board was held in compliance with LSA-R.S. 17:443.
"7. The trial court erred in ruling that Clifford Baker was afforded the due process guaranteed him by the Louisiana and U.S. Constitutions.
"8. The trial court did not interpret LSA-R.S. 17:443 in accordance with the jurisprudence."

ASSIGNMENT NO. 1
The first assignment of error relates to the 20-day notice requirement of R.S. 17:443. The statute reads:
"At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against such teacher."
Baker contends that the letter sent to him on July 13, 1983, which announced and scheduled a disciplinary hearing for August 12, 1983 at 6:30 p.m. at the school board office, did not meet the statutory notice requirements. The letter, addressed to Baker and signed by the school board superintendent, is as follows:
"Pursuant to Louisiana Law (La.R.S. 17:441, et., seq., your tenure hearing by the St. James Parish School Board is scheduled for Friday, August 12, 1983, at 6:30 P.M. in the Board Room.
"Attachments include: a copy of La. R.S. 17:443, which outlines your procedural due process rights; a copy of the signed, written charges; a copy of a detailed list of the specific reasons for such charges (i.e., Summary Report which includes the names of the four (4) witnesses (i.e., Ellis Roussel, Superintendent; Richard Turnipseed, Chief Administrator, Secondary Education; Willis Octave, Chief Administrator, Elementary Education; and Cleo Eugene, Supervisor, Elementary Education) who shall be called by the Superintendent to testify at your hearing; and a copy of the applicable documentation.
"Please notify me on or before Friday, August 12,1983, relative to your decision to select a private or a public hearing. If *372 you desire that any subpoenas for witnesses or documents be issued on your behalf, please provide me with sufficient information to enable me to issue such subpoenas no later than 4 P.M., Friday, July 29, 1983."
It is quite true that the dates and places of the alleged offenses are not spelled out precisely, but the letter refers to attachments which do list the school board's complaints. This is legally sufficient. See Marcotte v. Avoyelles Parish School Board, 512 So.2d 538 (La.App. 3 Cir.1987), writs denied at 513 So.2d 823 (La.1987).
Brown's attorney at the school board hearing objected because he felt that the July 13, 1983 letter, standing alone, hadn't satisfied the notice statute. However, the board chairman found the letter and attachments satisfactory. The trial judge later said:
"... the information given Baker fully appraised him of the charges and was sufficient to enable him to prepare a defense."
There is no merit in this assignment of error. Baker does not allege that he was surprised by any of the witnesses who testified at the hearing.

ASSIGNMENT NO. 2
Here, Baker says that John Peytavin, an Assistant District Attorney, represented both the prosecutor (the DA's office) and the adjudicator (the school board). Actually, the record shows only that Peytavin was an advocate for the superintendent's recommendation that Baker be dismissed, but he (Peytavin) did not represent the school board at the hearing and he was not the finder of fact. Peytavin's contact with the school board was very limited and inconsequential, as found by the trial judge. Peytavin did not advise the board on procedural or evidentiary issues and took absolutely no part in the school board's decision-making process.
Peytavin made his representation of the superintendent very clear. He told the board:
"I'm properly representing Mr. (Ellis) Roussell (school board superintendent). I will continue to represent Mr. Roussell.
As long as this hearing is going on I will not attempt to give you gentlemen any advice ..."
The transcript of the hearing bears out Peytavin's assurance.

ASSIGNMENT NO. 3
Baker contends that the school board attorney, prior to the hearing, presented the school board president with a typed list of 12 specific charges against him (Baker). As Baker was completely advised of the complaints and because there was and is no suggestion that anything important was hidden from him, at any time, this assignment of error is without substance.

ASSIGNMENT NO. 4
The district judge ruled that Louisiana's state courts have no jurisdiction under 42 U.S.C. 1981-88, sections of federal law dealing with due process violations and damages. The school board did not consider the question of damages and the district court judge correctly declined to hear or review the Sec. 1983 issue.
Baker has pending in the United States District Court for the Eastern District of Louisiana a lawsuit under Sec. 1983. Regardless, there was no error in the school board's decision not to hear Baker's alleged United States code violations.

ASSIGNMENT NOS. 5, 6, 7 and 8
At the disciplinary hearing, Baker was found guilty of 10 of the 12 charges of wilful neglect of duty. The school board determined that Baker failed or refused to attend scheduled meetings without advising the superintendent that he would be absent, that he refused to sign various reports he was required to sign, that he changed and/or cancelled without authorization the dates of school workshops, etc. Baker was afforded every opportunity to answer these and other charges and to present a proper defense. He was not denied due process. The trial judge said:
"The court finds that the hearing sessions held between August 12th and September 6, 1983 complied with the letter and spirit of L.S.A.-R.S. 17:443A and B. The *373 record shows that the Chairman allowed BAKER and the BOARD great latitude in introducing relevant evidence, and many other items that were not relevant. Both parties were permitted to question and cross-examine the witnesses extensively. The Chairman ruled on the exceptions presented by BAKER, and permitted his defense to go far afield from the conventional restraints on administrative hearings."
Baker had the right to a full hearing in district court, which included the right to present additional evidence; however, he chose not to submit anything further. Nonetheless, the district judge (as did this Court) provided Baker with a broad scope of judicial review and found that the testimony and the evidence submitted form a rational basis for the school board's decision to demote rather than discharge Baker as the superintendent requested. The trial judge's lengthy and detailed findings of fact, conclusions of law and reasons for judgment cover 24 legal-sized pages. See Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976).
While the district court must provide a wide scope of judicial review, the standard of review of a school board's decision is still whether there was a rational basis for whatever action was taken. The trial court cannot either substitute its judgment for that of the school board or interfere with the board's bona fide exercise of discretion.
Here, we cannot say that the school board or district judge abused its or his discretion. Our examination shows that the proceedings before the school board complied with the authority and formality of the Teachers Tenure Act and that the board's action was supported by substantial evidence and not arbitrary. Baker was not discharged; instead, he was reassigned as a science and biology teacher at St. James High School.
Finally, we note this. The hearing before the school board was in 1983 and not argued before this Court until May 6, 1991. We inquired as to why there was such a long delay and were told of the contributing factors and circumstances. We are satisfied that the delays were neither intentional nor caused by either party but were necessitated by the election and changing of judges and the ultimate need to assign an ad hoc judge to hear the case in the 23rd Judicial District Court.
AFFIRMED.