639 So.2d 849 (1994)
Patricia MUGGIVAN
v.
JEFFERSON PARISH SCHOOL BOARD, et al.
No. 93-CA-1017.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1994.
Rehearing Denied August 16, 1994.
*850 Arthur G. Kingsmill, Gretna, for plaintiff/appellant Patricia Muggivan.
Jack A. Grant, Gretna, for defendants/appellees Jefferson Parish School Bd., et al.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Patricia Muggivan, appeals from the district court judgment in favor of defendant, Jefferson Parish School Board, dismissing her suit for reinstatement to her position as a tenured teacher.[1] For the reasons which follow, we affirm.
For more than thirteen years, plaintiff served in the public school system of Jefferson Parish as a teacher of children with learning disabilities. She was last employed at Pittman Elementary School (Pittman). At the close of the 1985/1986 school year, she received a letter dated June 4, 1986 from Barbara Doles, the principal of Pittman, which provided, in pertinent part:
Your requesting leave as of April 28, 1986 precluded my conducting a conference with you to review your evaluation program for the 1985/86 school year.
I am enclosing your copy of the Final Summary Conference and your copy of the letter sent to Mr. Sidney Montet, Director of Personnel. I am recommending termination of your services from the Jefferson Parish School System.
Thereafter, on June 25, 1986, Ron Wilson, plaintiff's attorney, sent a letter to Sidney Montet which stated in part:
Needless to say, my client disagrees with this recommendation and intends to file forthwith an appeal. I am advised that she has a right to both an informal and formal appeal, with the formal appeal being open to the publicat the option of the appellant. My client has instructed me to inform you that, in the interest of expediting a decision as to her status, she desires to forego the informal appeal and proceed directly to the formal appeal stage, with a hearing that is open to the public.
On July 11, 1986, an attorney for the school board responded to Wilson's letter, stating in pertinent part:
Confirming our phone conversation of July 1, 1986, I have advised Mr. Sidney Montet, Director of Personnel, that your client desires to waive all pre-termination conferences set forth in the Jefferson Parish School System's Personnel policies and/or collective bargaining agreement. Accordingly, Mr. Montet will review the documents submitted by Ms Barbara Doles and make a unilateral recommendation to the Superintendent concerning your *851 client's continued employment with the Jefferson Parish School Board.
If the Superintendent concurs with the recommendation of Mrs. Doles to terminate your client, Mrs. Muggivan will be receiving a letter from him to that effect. Thereafter, the provisions of the Louisiana Revised Statute 17:443 and the Board's policy and procedures relating thereto will become applicable.
Thereafter, a letter dated August 13, 1986 was sent by school superintendent Chimento to plaintiff's attorney, informing him that he agreed with the principal's recommendation to terminate plaintiff and was going to recommend her termination to the Jefferson Parish School Board. The letter listed plaintiff's eight charges of incompetency or willful neglect of duty, as follows:
(1) Failure to execute effective teaching techniques on a daily basis.
(2) Failure to plan lessons adequately to maximize instructional time and to ensure that correct and accurate information is presented.
(3) Failure to organize the classroom for effective instruction and effective use of instructional time.
(4) Failure to create a positive classroom climate.
(5) Violation of state law and school system policies governing the preparation of I.E.P.'s for special education students.
(6) Violation of Jefferson Parish School System grading and record-keeping policy by failing to maintain current and accurate records as required.
(7) Failure to provide appropriate pacing to meet students needs in the development of skills.
(8) Failure to respond positively to supervision.
Listed below each charge were dated exhibits supporting that charge. A list of witnesses was also provided as well as copies of the exhibits.
Another letter, dated August 15, 1986, was sent to plaintiff by Chimento and provided:
My letter of August 13, 1986 to your attorney contains my recommendation to terminate your services as a teacher in the Jefferson Parish Public School System.
Please be advised that under the authority granted me in Louisiana Revised Statute 17:417, I am hereby notifying you that you are suspended without pay, effective August 21, 1986 pending the Board's hearing of your case.
Pursuant to the superintendent's recommendation and plaintiff's stated preference "to forgo the informal appeal and proceed directly to the formal appeal stage", public hearings were conducted before the Jefferson Parish School Board on October 6, 1986, December 3, 1986 and February 2, 1987. Thereafter, the board found plaintiff guilty of willful neglect of duty based on the factual findings, evidenced by interrogatories answered by each board member, that she was guilty of charges 2, 3, 6, and 8.
Plaintiff was notified of her dismissal by letter dated February 13, 1987, which provided:
At a meeting of February 2, 1987, the Board agreed to uphold the Superintendent's recommendation for termination of your employment with the Jefferson Parish Public School System.
Plaintiff filed an appeal from her dismissal in the 24th Judicial District Court, which sits as an appellate court in these matters pursuant to La.R.S. 17:443. When first considered by the district court, it granted a motion for summary judgment filed by plaintiff, setting aside the School Board's termination and reinstating plaintiff as a teacher with pay. This court reversed that district court judgment in Muggivan v. Jefferson Parish School Bd., 583 So.2d 1157 (La.App. 5th Cir.1991), holding that the district court acted improperly in granting a motion for summary judgment because its function at that point in the proceedings was appellate in nature. We also held that the missing record of the December 3, 1986 hearing should be reconstructed, if possible, and then the entire record submitted to the district court for review and ruling.
Upon resubmission to the district court, after the parties agreed to plaintiff's reconstruction of the missing December 3, 1986 *852 record, the district court held, by Judgment dated May 5, 1993, that "defendant's decision to terminate plaintiff's employment is supported by substantial evidence, particularly with regard to the finding of willful neglect of record-keeping duties." It is from this decision that plaintiff now appeals.
Plaintiff assigns six errors on appeal, four of which concern procedural defects in the case and two of which address alleged evidentiary deficiencies.
Plaintiff is a tenured teacher. La.R.S. 17:442. Accordingly, her removal is governed by La.R.S. 17:443 which provides:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.

Procedural Defects
Plaintiff argues that the district court erred in failing to find that the suspension of plaintiff without pay pending the termination hearing was improper. More particularly, plaintiff argues that the suspension, without a prior hearing, violated her due process rights and should be set aside. Plaintiff relies on the case of Summers v. Vermillion Parish School Bd., 493 So.2d 1258 (La.App. 3rd Cir.1986) in support of her argument. In Summers, the Third Circuit held that the school board could not, ex parte, suspend without pay, a school principal pending the termination hearing. Such action, it was held, violated the dictates of La.R.S. 17:443. Subsequently, in Ayio v. Parish of W. Baton Rouge Sc. Bd., 569 So.2d 234 (La.App. 1st Cir.1990), the First Circuit addressed a similar *853 argument concerning a tenured school bus operator.[2] Therein, relying on the dictates set out by the United States Supreme Court in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the court held:
While we conclude that appellant was entitled to notice and a presuspension opportunity to respond under the circumstances of this case, we emphasize that a presuspension "hearing" need not be elaborate. Loudermill [470 U.S. at 544], 105 S.Ct. at 1495. Nor does it need to definitely resolve the propriety of the proposed action. Basically, it need only provide the employee with an opportunity to present his side of the story, either orally or by written response, as an initial check against arbitrary decisions.
Plaintiff asserts that she was suspended without pay and that she did not have a hearing prior to the suspension. Plaintiff argues that this renders the suspension invalid. Defendant argues that plaintiff was afforded an opportunity to respond to the recommendation to terminate her employment, but her attorney waived her opportunity to present her side of the story and instead requested that the matter be expedited and a public hearing be held in accordance with La.R.S. 17:443.
As noted in Ayio, plaintiff is to be provided with "notice and a presuspension opportunity to respond." We find that plaintiff herein was provided with both. Plaintiff was initially advised by her principal that she was going to recommend termination. Plaintiff's counsel responded indicating plaintiff's intent to ... "forego the informal appeal ..." and proceed directly to a "formal appeal" with a public hearing. Shortly thereafter, counsel for the school board addressed a letter to plaintiff's counsel confirming "that your client desires to waive all pre-termination conferences" as stated in a telephone conversation between them. Neither plaintiff nor her counsel objected to the school board that they had been misunderstood and that they did not intend to waive her opportunity, presuspension, to present her side of the story. Thus, we find that plaintiff was given notice and an opportunity to respond, in accordance with legal requirements, prior to her suspension without pay, and she, through her attorney declined or waived the opportunity. Accordingly, there is no error in the district court's refusal to set aside the suspension.
Next, plaintiff argues that the district court erred in not finding that the question of the propriety of plaintiff's termination is moot because of her earlier re-instatement by defendant. Plaintiff contends that after the district court originally granted her motion for summary judgment, setting aside her termination and ordering her reinstated, the school board acted on the judgment, pending appeal, and reinstated plaintiff. Therefore, she argues, any questions about the propriety of the termination are moot because of the reinstatement. We disagree.
On appeal, this court held that the district court had erred in granting plaintiff's motion for summary judgment, set aside that ruling under La.C.C.P. art. 2161, and remanded the case for reconstruction of the missing record. Therefore, any "reinstatement" of plaintiff by the district court ruling, which was held by this court to have been entered in error and set aside, would not operate to nullify the termination proceedings as moot. This court ordered the reconstruction of the record and resubmission to the district court for review of the termination decision. Therefore, we find that the district court did not err in reviewing the termination decision on the merits as instructed by this court.
Plaintiff's final procedural argument concerns the adequacy of the charges filed against her. She contends that the charges were so poorly drafted and unspecific that they were not in compliance with La.R.S. 17:443 and thus any proceedings held in furtherance of these charges were fatally flawed. We disagree.
There were eight separate charges listed against plaintiff. Each is clearly set out. Under each charge was a list of documentation *854 that supported the charge, such as conference reports or letters. Each document was dated, with the author listed, and attached. Additionally, a list of witnesses who were to testify was provided. In Baker v. St. James Parish School Board, 584 So.2d 369 (La.App. 5th Cir.1991), this court held that the attachments to the charging letter sent by the superintendent to the principal could be considered in determining whether there was statutory compliance with the notice requirements. Considering the letter, which listed the charges, supporting documentation, attachments and witness list, we find that the information given plaintiff adequately informed her of the charges against her and was sufficient to enable her to prepare a defense. Also, she was represented by counsel and no objection to the inadequacy of the charges was made to the school board at a time when a defect could have been remedied. Accordingly, we find that this assignment of error lacks merit.
Similarly, plaintiff's argument that her notice of the board's action was not statutorily sufficient also lacks merit. The requirements set out in La.R.S. 17:443 are designed to insure that the teacher is afforded due process in the proceedings against her. Cunningham v. Franklin Parish School Bd., 457 So.2d 184 (La.App. 2nd Cir. 1984). Plaintiff was notified by letter that the board agreed to uphold the superintendent's recommendation of termination. She was present at the final meeting when the board rendered its decision. The board members were each provided interrogatories, which were not objected to by plaintiff's counsel, setting out each charge with a place to vote. Each board member signed his or her interrogatories and an identical sheet contained the totals. Plaintiff was provided with a copy. Accordingly, under these circumstances it is clear that plaintiff was fully informed of the board's findings and due process was afforded.

Evidentiary Defects
Plaintiff argues that the district court erred in finding that her termination was based on substantial evidence. She argues that the evidence was deficient and did not support the board's decision.
Based on the interrogatories posed to the board members, it is clear that the board did not find fault with plaintiff's classroom teaching skills, because they returned "no" responses to the questions of her failure in those areas. But they did find fault with the record-keeping or paper-work part of plaintiff's duties as a teacher, returning "yes" responses to questions of her fault in those areas. Accordingly, the board approved her termination based on willful neglect of duty, not incompetency.
Likewise, the district court, after reviewing the case, affirmed the decision of the board "finding that defendant's decision to terminate plaintiff's employment is supported by substantial evidence, particularly with regard to the finding of willful neglect of record-keeping duties."
The standard of judicial review of a school board's action is whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required. Howell v. Winn Parish School Bd., 332 So.2d 822 (La.1976); Baker v. St. James Parish School Bd., supra. In such cases, the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. Howell, supra. Therefore, in reviewing the case, this court will consider only whether the decision of the school board was supported by substantial evidence, as found by the district court, or conversely, an arbitrary decision and thus an abuse of discretion. Howell, supra.
The record of the hearing before the school board and the exhibits filed therein, as well as the reconstructed testimony from the December 3, 1986 hearing, reflect no error in the district court finding that the school board decision to terminate plaintiff was supported by substantial evidence.
Barbara Doles, the principal at Pittman, the school where plaintiff was last employed, provided the most compelling testimony. She stated that plaintiff came to Pittman from Audubon under a professional assistance *855 schedule, which indicated that plaintiff required assistance in the areas of record keeping, use of instructional time and preparation and following the special education guidelines. Doles had a conference with plaintiff about these matters and encouraged plaintiff to correct these problems. Doles testified that she had conferences with plaintiff throughout the school year, including October 14, 1985, October 23, 1985, November 11, 1985, January 16, 1986, February 19, 1986, April 1, 1986 and April 25, 1986. During these conferences Doles stated that she explained the problem areas to plaintiff, including roll book problems, (her roll book was not kept up-to-date with the students not being timely graded), lesson plan problems (poor plans and the inappropriate repetition of lessons due to inadequate lesson plans) and problems with student's grades (the grades did not correspond with the work in their individual folders). Nevertheless, Doles testified that plaintiff did not improve in any of these problem areas. In fact, at the January 16, 1986 conference, Doles testified that she moved to a Level II Professional Assistance Schedule because of a lack of remediation of prior problems. In the February 19, 1986 report, plaintiff was warned that failure to correct the problems would result in a recommendation concerning her employment. By March 26, 1986, when grades were due for the nine weeks, plaintiff's grade books were found to be seriously deficient, with grades no later than March 7, 1986, despite a requirement of weekly grades. Finally, by the last conference on April 25, 1986, plaintiff would not respond. After that, plaintiff did not return to school for the remainder of the year, calling the office and reporting that she was ill.
Barbara Turner, the Director of Special Education, testified about the critical importance of accurate and timely record keeping in the special education area. The students are all at varying levels academically and it is difficult, if not impossible, to evaluate the child's level, progress and emotional response without the proper records.
Priscilla Piranio, a special education consultant employed by defendant, was called to observe plaintiff on two occasions. She testified, confirming Doles' testimony about plaintiff's inadequate record keeping and deficient roll book.
Plaintiff presented testimony from two experts that found fault with her evaluations. Helen Byrnes testified that the evaluations did not address the needs or any deficiencies in the needs of one single child. Dr. Ernest Shachere testified about inconsistencies in the evaluations, minimizing their negative aspects. He also noted that there is more than one way to properly teach a child.
Plaintiff called two parents of her former students to testify, Anita Jefferson and Katherine Heckler. Both were consistent in their appraisal that plaintiff had done an outstanding job with their children. They remarked on her apparent competence, energy, understanding of their child's individual needs, concern, ability to motivate the children and her knowledge of the children. They also testified favorably concerning their child's progress under plaintiff.
Plaintiff herself testified, explaining the peculiar needs of special education children, that they cannot always be met by following a lesson plan or administering certain tests. She felt that she had in-depth knowledge of each of her students, including their academic levels, their emotional levels and their needs. She explained that the criticism of her in class teaching methods was not warranted and that she was doing what she knew to be in the interest of the individual student. She explained that with special education children you cannot always follow a precise lesson plan because they may need more or less instruction in a certain area than was anticipated. She testified that she had not encountered these kinds of complaints about her work in her prior twelve years of teaching.
As evidenced by the interrogatories submitted to the board, there was no finding that plaintiff was incompetent. In fact, there was no finding that her classroom teaching technique or work with the students was in any way deficient. Indeed, the record indicates the contrary.
However, the board did find plaintiff guilty of willful neglect of duty based on findings of *856 record-keeping deficiencies in her lesson plans and roll books and her failure to respond to her supervisor. While plaintiff presented a good case that classroom teaching ability and the ability to motivate the students is more important than bookkeeping, we cannot substitute our judgment for that of the school board or interfere with the board's exercise of its discretion. The question presented is whether the action of the school board was supported by substantial evidence. The district court affirmed the school board decision, finding substantial evidence to support it, especially in the area of deficient record-keeping. We find no error in that ruling.
Accordingly, for the reasons stated above, the judgment of the district court, finding that the school board decision to terminate plaintiff was supported by substantial evidence and dismissing plaintiff's suit for reinstatement as a tenured teacher, is affirmed.
AFFIRMED.
NOTES
[1] The district court rendered judgment in this matter "dismissing her [plaintiff's] demands with prejudice...." La.R.S. 17:443 provides for district court review of school board decisions to remove a tenured teacher, that "the court shall have jurisdiction to affirm or reverse the action of the school board in the matter." Therefore, although the district court did not "... affirm or reverse the action of the school board ...", we will view the dismissal of plaintiff's case as an affirmance of the school board decision to discharge plaintiff.
[2] Although the removal of tenured school bus operators is governed by a different provision (La.R.S. 17:493) than that for tenured teachers (La.R.S. 17:443), the two provisions are virtually identical and thus we consider the reasoning in Ayio equally applicable to the case before us.